154 So. 809

## PROVIDENT LIFE & ACCIDENT INS. CO. v. HEIDELBERG.

### I Div. 791.

Supreme Court of Alabama.

May 17, 1934.

Rehearing Denied May 31, 1934.

Arthur J. Kearly, of Mobile, for appellee.

Wm. S. Pritchard and James W. Aird, both of Birmingham, and Dozier & Gray, of Mobile, for appellant.

BROWN, Justice.

The complaint consists of three counts, declaring on a policy of life insurance, in which

it is averred that the defendant on the 17th day of November, 1924, insured the life of Julius Samuel Heidelberg, who died, on, to wit, the 14th day of December, 1925, of which the defendant had notice.

The pleas were the general issue, lapse of the policy for nonpayment of the premium alleged to be due November 11, 1925, and the statute of limitations of six years.

The policy bears date November 11, 1924, and in it the defendant "agrees to pay twenty-five hundred dollars, the face amount hereof, *immediately upon receipt of due proof of the death of Julius Samuel Heidelberg, the insured, to Anne C. Heidelberg, wife, if living,*" and recites that "this insurance is granted in consideration of the payment of the semi-annual premium of sixty-four and 15/100 Dollars in advance, the first year's premium hereunder being for term insurance for one year, and legal reserve, if any, and of the payment of a like sum to the said Company on or before the 11th day of November-May of every year or until prior death of the insured." (Italics supplied.)

Embodied in the policy is a stipulation for a thirty-one-day period of grace for the payment of any premium after the first, during which time the insurance was continued in force, subject to deduction of the unpaid premium on settlement. Also an "Optional Automatic Premium Loans" clause to the effect that the amount shown in the accompanying table of cash loan values—$26 to each thousand dollars of insurance, amounting to $65—was available as a loan for the payment of the second years' premium.

The application designated "Anna C. Heidelberg," wife of the insured, as the beneficiary, and embodied a provision that the policy would not take effect until delivery and the payment of the first premium, during the life and good health of the insured.

The evidence is without dispute that the policy was delivered on the 17th day of November, 1924, and the first premium payment made, and that the subsequently maturing semiannual premium was paid, as provided in the policy; that the insured died on the 14th of December, 1925, of injuries received on the previous day, and proof of his death was furnished by the plaintiff to the defendant, on the 29th day of December, 1930, and was accepted by it; that the plaintiff, Anna C. Heidelberg, was the wife of said insured at the time of the issuance of said policy and at the time the insured died. The suit was instituted on the 2d day of September, 1932, six years, eight months, and eighteen days after the death of the insured. There is nothing in the pleadings or the evidence to excuse the delay in filing the proof of death or in bringing the suit.

The policy is a simple contract in writing, not under seal.

The controlling question presented is not a contract limitation as to the time of filing the proof of death, but a limitation fixed by the statute within which a suit must be filed. Code 1923, § 8944, subsec. 4; 14 R. C. L., p. 1416, § 579.

We conceive the following propositions of law to be well settled:

■ (1) The statute of limitations begins to run in favor of the party liable from the time the cause of action accrues, and the cause of action accrues as soon as the party in whose favor it arises is entitled to begin and prosecute an action thereon. Larue v. C. G. Kershaw Contracting Co., 177 Ala. 441, 59 So. 155.

■ (2) Where some condition precedent to the right of action exists, whether it be a demand and refusal, or some other act or contingency within the power of the plaintiff to perform, the cause of action does not accrue, nor the statute begin to run until that condition is performed, or a reasonable time for its performance has elapsed. 17 R. C. L., p. 755, § 121; Glenn, Trustee, v. Semple, 80 Ala. 159, 60 Am. Rep. 92; Massie v. Byrd, 87 Ala. 672, 6 So. 145; Brockway v. Gadsden Mineral Land Company, 102 Ala. 620, 15 So. 431; Westchester Fire Ins. Co. of New York v. Green, 223 Ala. 121, 134 So. 881; Home Ins. Co. of New York v. Murphy, 223 Ala. 566, 137 So. 393.

■■ (3) If the condition or act is not performed, in determining what constitutes a reasonable time for its performance, the circumstances and situation of the parties and the character of the condition or act to be performed will be taken into account, but the negligence of the party in whose favor the inchoate cause of action exists, will not be allowed to intercept the operation of the statute to bar the action. Massie v. Byrd, supra; Kimbro v. Waller, 21 Ala. 376; Wright v. Paine, Adm'r, 62 Ala. 340, 34 Am. Rep. 24; 17 R. C. L., p. 755, § 121.

■ (4) What is a reasonable time is a question of law when the facts are undisputed and the evidence warrants but one conclusion, but where the facts are disputed, or the matter rests wholly in inference, the question should be left to the jury. Massie v. Byrd, 87 Ala. 672, 6 So. 145; Burton v. Ste-

685

verson, 206 Ala. 508, 91 So. 74; Continental Jewelry Co. v. Pugh Bros., 168 Ala. 295, 53 So. 324, Ann. Cas. 1912A, 657; 14 R. C. L., p. 1329, § 502.

■ While we are not called upon to declare what a reasonable time was for plaintiff to file proof of death and perfect her cause of action, our judgment is, as a matter of law, that eight months and eighteen days were more than a reasonable time; that the bar of the statute was completed before the plaintiff instituted her suit, and the defendant was due the affirmative charge. Deer Trail Consol. Min. Co. v. Maryland Casualty Co., 36 Wash. 46, 78 P. 135, 67 L. R. A. 275; 14 R. C. L., p. 1329, § 502.

The other questions argued, therefore, need not be considered.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.