277 So.2d 334

**Clarence B. GRUND, Jr., et al.**

v.

**JEFFERSON COUNTY, a Political Sub-division of the State of Alabama, et al.**

**SC 82.**

Supreme Court of Alabama.

May 3, 1973.

John Martin Galese, Birmingham, for appellants.

J. Fred Powell, Birmingham, for appellee, U. S. Steel Corp.

BLOODWORTH, Justice.

An original bill of complaint was filed by appellants (hereinafter referred to as complainants) seeking a declaratory judgment as to the validity of a zoning ordinance of Jefferson County, which rezoned a certain tract of land in that county from its prior zoning classification of E–2 (Estates) to C–1 (Commercial) and R–4 (Multiple Dwellings) in order that a neighborhood shopping center and luxury apartments could be constructed.

The bill avers, inter alia, that the action of the Jefferson County Commission constitutes "spot zoning," is discriminatory, confiscatory, arbitrary and capricious, bears no relationship to the health, safety, welfare or morals of Jefferson County, and is unconstitutional as violative of the Equal Protection and Due Process clauses of the United States Constitution and the Constitution of Alabama. The bill sought a permanent injunction to restrain the respondents from enforcing the rezoning ordinance and to restrain respondents from using the land for apartments and shopping centers.

**32**

The tract of land in question is part of a larger tract owned by appellee-respondent, United States Steel Corporation, the party which had filed the application requesting the zoning change. Approximately nine acres of the tract were rezoned to a classification permitting a neighborhood shopping center and approximately thirty-two acres were rezoned to a classification permitting the construction of luxury apartments.

After hearing the testimony ore tenus, the trial court entered its final decree, in which it found that the complainants "failed to establish a basis, in law, in fact or in equity, upon which the Court may base a decree which would respond favorably to Complainants to the prayers contained in the Bill of Complaint." The cause was dismissed with prejudice and costs taxed against the complainants.

I.

Complainants contend on this appeal that the trial court should have made a declaration of the rights and other legal relationships of the parties on the issues as presented. It is insisted that, once the issues are raised by the pleadings and a justiciable controversy is shown to exist, the Alabama Declaratory Judgment Act (Title 7, §§ 156–168, Code of Alabama 1940) requires that a final decree be rendered to give full and complete relief, determine all rights and make all necessary declarations between the parties.

■ We believe that the final decree of the trial court in this case did uphold the validity and constitutionality of the zoning ordinance and did recognize that the action of the Jefferson County Commission was not arbitrary and capricious. Such conclusions were obviously implied from the findings the court did make that the complainants failed to establish the averments of their bill of complaint. We know of no rule of law, nor has any been cited to us,

requiring the trial court, in its final decree, to expressly state "The action of the County Commission did not constitute 'spot zoning'." or "The action of the County Commission was not arbitrary and capricious." as complainants seem to suggest. We do not read Fegaro v. South Central Bell, 287 Ala. 407, 252 So.2d 66 (1971) to so hold.

■ The rule of our decisions is that we will presume that the trial court made such finding or findings, as will support the decree rendered, when no formal finding of fact has been made. Dockery v. Hammer, 281 Ala. 343, 202 So.2d 550 (1967).

We also think it appropriate here to restate what this court stated in Waters v. City of Birmingham, 282 Ala. 104, 209 So. 2d 388 (1968):

"The Chancellor ore tenus heard the witnesses and observed their demeanor. Unless palpably wrong, this court will not substitute its view for the conclusions of the Chancellor. In our opinion, even without resort to the presumption in favor of the Chancellor's decree, the evidence is abundant and substantial supporting it. The decree below is due to be affirmed."

II.

Complainants contend that, since the Jefferson County Commission failed to require studies to be made with regard to the impact which the rezoning would have on the inhabitants of Jefferson County, the trial court erred in not declaring that the action of the County Commission was arbitrary and capricious.

Complainants' theory in this regard seems to be that Act 344, General Acts of 1947, as amended,[1] which grants to Jefferson County the power to zone [see §§ 970–974, Appendix, Vol. 14, Code of Alabama], requires that the county consider

1. Recently we upheld Act 344 upon attack on constitutional and other grounds. See

Masters v. Pruce [1973], 290 Ala. 56, 274 So.2d 33.

the impact of the proposed rezoning on the morals, health, safety and welfare of the county, for the purposes set out in the above statute, as amended, by having studies made relative thereto.

■ We do not perceive that any requirement exists by reason of the statute which makes such studies mandatory. Moreover, the record shows that studies and investigations were made with regard to this particular zoning request, though not in the precise manner insisted upon by complainants. It is not contended by complainants that the mandatory procedural requirements, relating to due process, were not followed in this case. The record seems clearly to show that these procedures were followed.

In Waters v. City of Birmingham, 282 Ala. 104, 209 So.2d 388 (1968), this court held that:

"* * * if the adoption of the ordinance raises questions upon which reasonable differences may exist in view of all the circumstances, and the wisdom of the ordinance is fairly debatable, then the action of a municipal governing body in adopting the ordinance will not be deemed arbitrary, a court being unwilling under such circumstances to substitute its judgment for that of the municipal governing body acting in a legislative capacity. [Citations omitted]"

In Episcopal Foundation of Jefferson County v. Williams, 281 Ala. 363, 202 So. 2d 726 (1967), it was stated that:

"* * * before the courts will interfere, it must be made to appear that such an ordinance passes the bounds of reason and assumes the character of a merely arbitrary fiat."

■ We believe that the ordinance in this case is fairly debatable; and we will not say that it "passes the bounds of reason and assumes the character of a merely arbitrary fiat."

A public hearing was had at which persons who were opposed to the proposed rezoning expressed their views to the Jefferson County Planning and Zoning Board. Additionally, written petitions and briefs were submitted on behalf of these persons. Further, two of the three members of the County Commission made personal visits to the site of the proposed rezoning. Respondent, United States Steel, made a presentation to the Planning and Zoning Board as to the results of its investigations, which included investigations as to the adequacy and availability of municipal services at the site of the proposed rezoning.

After extensive debate on the proposed rezoning, the Jefferson County Planning and Zoning Board unanimously recommended the rezoning, and this recommendation was unanimously adopted by the Jefferson County Commission. Upon the record before us, we could hardly hold that this action was arbitrary and capricious as contended by complainants.

### III.

■ Complainants assert that the action of the Jefferson County Commission constituted "spot zoning" and is therefore illegal.

In Come v. Chancy, 289 Ala. 555, 269 So.2d 88 (1972), this court, per Harwood, J., stated with respect to "spot zoning":

"Regardless of the pronouncements concerning 'spot zoning' appearing in our own decisions as well as those of our sister states, it appears to the writer that the term 'spot zoning' is nothing more than a catchy phrase whose introduction into legal terminology has created only an illusory concept of no practical use.

"After all, the ultimate criteria in determining the validity of zoning ordinances, and amendments thereto, is whether the ordinance creates zones in such manner that the classifications are consistent with the land use pattern of

**34**

the area, and bear a substantial relationship to the public health, safety, morals, and general welfare. The size and location of the property would necessarily enter into a determination of this question, which is primarily for the governing body of a political subdivision whose conclusions in the premises should not be judicially disturbed unless it be arbitrary and capricious, and therefore palpably wrong.

"An arbitrary and capricious ordinance should be set aside whether there is, or is not, a comprehensive zoning plan, and any invocation of any theory of 'spot zoning' would have to give way to the larger principle."

As we have already determined that the action of the County Commission of Jefferson County was not arbitrary and capricious, we think that the issue of 'spot zoning' raised by complainants is sufficiently answered.

Moreover, we wrote in Haas v. City of Mobile, 289 Ala. 16, 265 So.2d 564 (1972) (Per Heflin, C. J.):

" * * * Recent decisions have limited condemnation of 'spot' or 'piecemeal' zoning to the situation where there has been no comprehensive plan. See Shell Oil Company v. Edwards, 263 Ala. 4, 81 So.2d 535 and Episcopal Foundation of Jefferson County v. Williams, 281 Ala. 363, 202 So.2d 726, which recites the proposition that where an existing comprehensive plan is in effect, no amendment thereto can be attacked as being 'spot' zoning. * * * "

There is an existing comprehensive plan in effect in the instant case.

### IV.

Finally, complainants urge this court to adopt a rule of law that a property owner has a legal right to insist that a zoning classification, as originally enacted, remain unchanged until a change is required in the public interest or where there has been a material change in the character of the land, and that zoning changes are illegal when made merely to accommodate private interests detrimental to the welfare of others. No Alabama cases are cited for this proposition.

Under our decisions, the passage of a zoning ordinance is a legislative function. Cudd v. City of Homewood, 284 Ala. 268, 224 So.2d 625 (1969). Local authorities, such as the Jefferson County Commission, must be granted some measure of discretion in framing zoning ordinances. Marshall v. City of Mobile, 250 Ala. 646, 35 So.2d 553 (1948).

The County Commission of Jefferson County has authority to zone by virtue of legislative enactments. The zoning and rezoning of property, in accordance with a comprehensive plan, rests largely in the discretion of the County Commission, under the rule of our decisions. Thus, this contention of complainants must fail.

The judgment of the trial court is due to be affirmed.

Affirmed.

COLEMAN, McCALL, FAULKNER and JONES, JJ., concur.