[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 881 
This is an appeal from a declaratory judgment requiring the insurer, Southern Guaranty Insurance Company, to defend its insured, Melvin Thomas, in a damage suit pending against him and to save him harmless in that action up to the policy limits. We reverse and render.
On December 5, 1973, the insured strung a cable across a trail on property owned by his aunt to discourage trespassers from dumping trash on that property and on adjoining property which he owned. The following day the insured was visited by two deputy sheriffs and Billy Daugherty. They asked whether he had strung the cable. When the insured admitted that he had, they informed him that Daugherty's son ad been knocked off his motorcycle by the cable, resulting in his being seriously injured.
Approximately two weeks later, the insured received a letter from Daugherty's attorney advising him that he intended to proceed with the case to recover damages for the injuries sustained by Daugherty's son in the accident. [See the letter,post.] The letter specifically suggested that the insured notify his insurance carrier if he had homeowner's insurance. A day or so later, the insured read over the policy briefly. [At trial, he testified that he did not understand that the policy would cover him under these circumstances.]
Shortly after receiving the letter, the insured took it to his lawyer, who asked him to check into whether his homeowner's policy would cover the accident. The insured stated that he never got around to checking with his agent. The insured's lawyer also asked the insured to bring the policy to him for examination. The insured stated that he looked the policy over but did not see anything that appeared to cover this accident and that he subsequently forgot to take the policy to his lawyer, in spite of repeated reminders. The insured did not take the policy to his lawyer until after suit was filed in June 1974, approximately six months after the accident occurred.
The policy in question provides the following:
"COVERAGE E — PERSONAL LIABILITY
 "This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. This Company shall have the right and duty, at its own expense, to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, but may make such investigation and settlement of any claim or suit as it deems expedient. This Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of this Company's liability has been exhausted by payment of judgments or settlements."
The policy further provides that medical payments will be made to persons who sustain
 ". . . bodily injury . . . caused by an accident while such person is: 1. on an insured premises with the permission of any Insured; or 2. elsewhere, if such bodily injury . . . is caused by the activities of any Insured. . . ."
Under a portion of the policy entitled "3. INSURED'S DUTIES IN THE EVENT OF ACCIDENT, OCCURRENCE, CLAIM OR SUIT," the following appears:
 "(1) In the event of an accident or occurrence, written notice containing particulars *Page 882 
sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to this Company or any of its authorized agents as soon as practicable. (2) If claim is made or suit is brought against the Insured, the Insured shall immediately forward to this Company every demand, notice, summons or other process received by him or his representative." [Emphasis supplied.]
Another provision of the policy states,
 "No suit or action shall lie against this Company, unless: (1) as a condition precedent thereto there has been full compliance with all the provisions and stipulations of this policy. . . ."
The insured did not notify the insurer of the accident or of the demand letter from Daugherty's attorney until after suit was actually filed, some six months after the accident. Because of this delay, the insurer denied coverage and filed suit seeking a declaratory judgment that there was no duty on its part to defend the insured or to pay any judgment against him.
At trial, the jury, in response to special interrogatories, answered that the insured had given the insurer "reasonably timely notice" of the accident and of the demand letter. Judgment was entered for the insured. Having been denied a directed verdict at the close of the evidence, the insurer moved for judgment notwithstanding the verdict or, in the alternative, for a new trial on the grounds that the insured failed to give "reasonably timely notice" of the accident and of the demand. The motion was denied.
On appeal, the insurer contends that, where the facts are undisputed and the evidence warrants but one inference, whether notice was given within a reasonable time is a question of law for the judge, not a question of fact for the jury, and that under the circumstances of this case the trial court should have ruled that as a matter of law the insured failed to give reasonably timely notice.
The insured contends: that reasonableness is a question for the jury since it must be determined on the basis of all the facts and circumstances of each case; and, that his delay was reasonable because he believed that the policy did not provide coverage, that he was not liable, and that suit would not be filed. The insured further contends that the insurer must show that its position has been prejudiced by the delay and that the insurer here has not done so.
The terms "as soon as practicable" and "immediately" (as they are used in the suit policy) have been generally construed to mean that notice must be given "within a reasonable time" in view of all the facts and circumstances of the case. See, e.g.,American Liberty Ins. Co. v. Soules, 288 Ala. 163, 171,258 So.2d 872, 879 (1972); Pan American Fire Casualty Co. v.DeKalb-Cherokee Counties Gas District, 289 Ala. 206, 214,266 So.2d 763, 771 (1972); Annot., 18 A.L.R.2d 443, 462ff.
Thus, the fundamental issue on this appeal is whether notice of the accident and of the demand letter were given to the insurer within a reasonable time as a matter of law.
Where facts are disputed or where conflicting inferences may reasonably be drawn from the evidence, the question of the reasonableness of a delay in giving notice is a question of fact for the jury. Provident Life Accident Insurance Co. v.Heidelberg, 228 Ala. 682, 154 So. 809 (1934). Conflicting inferences concerning the reasonableness of a delay may sometimes be drawn where the insured offers evidence of mitigating circumstances.
 "However, where an insured fails to show a reasonable excuse or the existence of circumstances which would justify *Page 883 
a protracted delay, the Court should as a matter of law hold that there has been a breach of the condition as to notice. . . ."
Zurich General Accident Liability Insurance Co. v. HarbilRestaurant, Inc., 7 A.D.2d 433, 184 N.Y.S.2d 51, 53 (1959). Accord, Provident Life Accident Insurance Co. v. Heidelberg, supra; Annot., 18 A.L.R.2d 443, 504ff. See also Lennon v.American Farmers Mutual Insurance Co., 208 Md. 424,118 A.2d 500 (1955), where it was held that
 "[w]here the facts are undisputed and only one conclusion is reasonably possible, the question whether or not the insured under a liability policy complied with the requirement of notice is a question of law for the court; but where the facts are disputed or more than one conclusion is reasonably possible, the question is one for the jury."
In this case, the insured offers excuses for his delay in giving notice to the insurer. If those excuses may reasonably be said to justify the delay, the trial court did not err in submitting the issue of the reasonableness of the delay to the jury.
It is implicit in what has been said up to this point that under Alabama law there are only two factors to be considered in determining the reasonableness of a delay in giving notice to an insurer: the length of the delay and the reasons for the delay. The insured has argued that another factor should be considered, viz, the absence of prejudice to the insurer from the delay. But, under our cases, whether the insurer was prejudiced by the delay is immaterial to a determination of the reasonableness of the delay where the giving of reasonably timely notice is expressly made a condition precedent to any action against the insurer, as in this case.
 "The rule established by the great weight of authority is that where, as in the policy involved in this case, notice of the accident and forwarding of any demand, notice, summons or other process are specifically made a condition precedent to any action against the insurer, the failure to give a reasonably timely notice of the accident or of the receipt of any demand, notice, summons or other process will release the insurer from the obligations imposed by the contract, although no prejudice may have resulted. . . ." [Emphasis supplied.]
American Fire Casualty Co. v. Tankersley, 270 Ala. 126, 130,116 So.2d 579 (1959).
As this Court stated in Soules, supra,
 "[t]he authorities are more or less uniform to the effect that where a named insured, who is usually in possession of a policy, fails to give notice within a reasonable time of an occurrence, the insurer is relieved of liability under the policy where `reasonable', `immediate', or `as soon as practicable' notice is required in the policy and such notice is made a condition precedent to an action on the policy."
Thus, dispositive of the issue in this case is whether the insured's excuses, offered for his six-month delay in giving notice to his insurer, are reasonable.
First, the insured argues that his delay was reasonable because he "believed" that the policy did not provide coverage. He cites American Liberty Insurance Co. v. Soules, 288 Ala. 163, 258 So.2d 872 (1972), where it was held that a delay of eleven months was not unreasonable on the part of a claimant who was an unnamed additional insured in a homeowner's policy owned by his parents but who did not even know that his parents had such a policy. The Soules case itself contains language which clearly distinguishes it from the present case:
 "We consider this case significant in that one of the cases cited and relied on by the appellant is . . . Kellum v. Pacific National Fire Ins. Co.
(Tex.Civ.App.), 360 S.W.2d 538, involving a declaratory judgment action. The named insured had injured another party on a *Page 884 
hunting trip. Notice was given the insurer by the named insured some ten months later. The policy required notice as soon as practicable. The insured's excuse for the late notice was that he was unaware that the policy covered this type of accident. The court concluded that since Kellums had possession of the policy and ample opportunity to read it, the terms of the policy had been breached as a matter of law by the late notice."
Id. at 172, 258 So.2d at 880. In the present case, we are confronted with a named insured who not only had possession of the policy and ample opportunity to read it but also was advised by the injured party's attorney to notify his homeowner's insurance carrier. Moreover, he was repeatedly advised by his own attorney to bring the policy to him and of the need to determine whether the accident was covered under his homeowner's policy. This excuse is clearly unreasonable and affords no basis for submitting the reasonableness of the delay to the jury.
Second, the insured argues that the delay was reasonable because of his "belief" that he was not liable for the accident. He cites Pan American Fire Casualty Co. v.DeKalb-Cherokee Counties Gas District, 289 Ala. 206,266 So.2d 763 (1972). There, a general liability insurer was seeking a declaratory judgment that it had no duty to defend the insured gas company in a suit arising out of the explosion of a gas heater. The insured knew nothing of the explosion until its manager was interviewed by the adjuster for the homeowner's insurer, who indicated only that a claim was being made under a homeowner's policy. Notice of the explosion was not given the gas company's insurer until after suit was filed eleven months after the explosion. This Court held that notice was given as soon as practicable under the circumstances, citing 44 Am.Jur.2d Insurance § 1474:
 "`It is generally recognized that the insured may be excused for a delay or failure to give the required notice to the insurer where it appears that, acting as a reasonably prudent person, he believed that he was not liable for the accident. Thus where the insured has no reasonable grounds for believing
that any act or omission by it, or any act of its employees was the cause of an injury upon which an action was later based by an injured party against the insured, the insured was held not to be required to give any notice to the insurer under a liability policy requiring notice of an accident to be given "as soon as practicable" . . .'" [Emphasis supplied.]
Id. at 216, 266 So.2d at 773. In the Pan American case, the gas company had no reason to believe that "any act or omission by it, or any act of its employees was the cause of an injury. . . ." In the present case, the insured knew the day after the accident that it was claimed that the cable, which he admitted putting up, had caused the accident. Any belief that he may have had that his actions had not caused the accident cannot be regarded as reasonable. That purported belief provides no basis for submitting the reasonableness of the delay to the jury.
This conclusion is supported by the case of Jeannette GlassCo. v. Indemnity Insurance Co., 370 Pa. 409, 88 A.2d 407
(1952). There, the Supreme Court of Pennsylvania held that the fact that the insured had investigated the accident and had determined that it was not liable did not excuse the insured from giving notice "as soon as practicable." A directed verdict for the insurer was affirmed, the only question being one of law for the court.
Third, the insured argues that his delay was reasonable because he did not "believe" that suit would be filed. The insured makes this argument in spite of the plain language of the letter which he received from the injured party's attorney approximately two weeks after the accident:
 "This is to advise you that I will proceed with this case to recover for the injuries and damages he has sustained. In the event you have a home owners insurance policy, I would suggest that *Page 885 
you notify your insurance carrier and also advise me of the name of your insurance company. In the event you do not have insurance, then please contact me within the next seven days. Failure to hear from you
or your insurance carrier will necessitate my filing suit without any effort to negotiate this claim." [Emphasis supplied.]
It was not the insured's duty under the terms of the policy to determine the probability of suit's being filed; it was his duty to give the insurer notice of any accident or occurrence and to forward to the insurer every demand within a reasonable time.
We hold, therefore, that no reasonable excuse has been shown for the insured's failure to give the insurer reasonably timely notice of the accident and of the demand and consequently that the delay was unreasonable as a matter of law.
REVERSED AND RENDERED.
HEFLIN, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.