Appellant, Aetna Insurance Company, filed a suit for declaratory judgment against Spring Lake, Inc., Eight Mile Development Corporation, Edward Hardin, Jr.,[1] and Willie Lee Flott to determine whether Aetna should be required to provide coverage under a policy of liability insurance issued to Spring Lake and Eight Mile. The trial court held that Aetna was obligated to defend Spring Lake and Eight Mile and to pay any judgment rendered against them up to the limits of coverage provided in the policy. We reverse.
Spring Lake, Inc., is a recreational facility located in Mobile County, Alabama. It consists of a swimming lake or pool, dance pavilion, refreshment stand, and picnic grounds. Eight Mile Development Corporation owns the land upon which the facility is situated and leases it to Spring Lake. Edward Hardin, Jr., was a corporate officer of and attorney for both corporations.
On June 9, 1973, Delvickie Flott drowned in the Spring Lake swimming facility. Approximately three months later, on September 20, 1973, Willie Lee Flott filed an action in the Circuit Court of Mobile County against Spring Lake for damages for the death of Delvickie Flott. The summons and complaint was served upon Spring Lake on October 12, 1973.
At the time of the drowning Spring Lake and Eight Mile had in force and effect a policy of insurance issued by Aetna providing liability coverage upon its business operations. This liability policy was purchased in August, 1972, along with a fire insurance policy and a workmen's compensation policy by Hardin from the Jackson Insurance Agency in Birmingham, Alabama. The Jackson Agency is an independent agent writing fire and casualty insurance through various companies, one of which is Aetna. The effective date of each policy was August 1, 1972, and the policies covered a three year period of time through August 1, 1975. The named insureds on the liability policy were Spring Lake and Eight Mile and their address was shown as being in care of Ed Hardin, Jr., at his Birmingham office address. The policies were delivered to Hardin in August of 1972.
Hardin learned of the drowning either in June, 1973, just after the occurrence, or in October, 1973, just after Spring Lake was served with the summons and complaint. Upon learning of the drowning, Hardin gave his secretary, Mrs. Askins, the date of the drowning, June 9, 1973, and asked her to call the Jackson Agency to see if coverage was effective on that date. Mrs. Askins testified that she telephoned the Jackson Agency and talked with an unidentified lady who advised her that coverage under the policy was not effective until August 1, 1973. Relying upon this information, Hardin failed to notify Aetna of the drowning or to forward the suit papers. His law firm assumed the defense of the Flott suit. There is nothing in the record to indicate that a search was made for the policy when Hardin learned of the drowning to ascertain the effective date. *Page 399 
In the summer of 1974, Hardin and his law partners decided to terminate their association with the other owners of the Spring Lake and Eight Mile development. At that time an unsuccessful search was made to locate the insurance policies, so they could be cancelled. Hardin cancelled the policies in August of 1974 by filing a lost policy cancellation release.
In the summer of 1975 the insurance policies were discovered by one of Hardin's law partners in a storage room while he was gathering together Spring Lake and Eight Mile records to return to the remaining owners of the development. The policies were turned over to another of Hardin's law partners handling the defense of the Flott suit against Spring Lake. A letter dated June 16, 1975, containing a copy of the Flott complaint was sent to the Jackson Agency notifying them of the drowning and impending suit.
The policy contains in that section entitled "CONDITIONS" the following:
 "4. Insured's Duties in the Event of Occurrence, Claim or Suit:
 "(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.
 "(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.
 "5. Action Against Company: No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy . . ."
Aetna filed the declaratory judgment action to determine its obligations under the policy and sought to avoid liability under the policy claiming the insureds failed to comply with the conditions of the policy. Aetna also sought and obtained an injunction against prosecution of the death action by Willie Lee Flott pending resolution of the declaratory action.
The trial court held the conditions were met for two reasons:
 "The Court further finds that the Complainant, through their duly authorized agent, denied coverage to the Respondents by advising them that said policy was not in effect on June 9, 1973, and that such denial constituted a waiver of the rights of the Complainant to assert other policy provisions and conditions as a defense to their obligations to the Respondents under the policy contract. The Court further finds that the Respondents did comply with the conditions and provisions of the policy contract and that their report of the loss or accident of June 9, 1973, to the Complainant was reasonable, timely noticed under the circumstances, and the relief prayed for by the Complainant is therefore denied."
Aetna appeals the decision of the trial court. The first issue is whether the trial court erred in ruling that the appellees complied with the conditions and provisions of the policy requiring notice.
The terms "as soon as practicable" and "immediately" (as they are used in the policy in question) mean that notice must be given "within a reasonable time" in view of all the facts and circumstances of the case. Southern Guaranty Ins. Co. v.Thomas, 334 So.2d 879 (Ala. 1976); American Liberty Ins. Co. v.Soules, 288 Ala. 163, 258 So.2d 872 (1972); Pan American Fireand Casualty Co. v. DeKalb-Cherokee Counties Gas District,289 Ala. 206, 266 So.2d 763 (1972); 18 A.L.R.2d 443.
The issue in this case is whether the appellees gave notice of the drowning within a reasonable time in view of all the facts and circumstances as a matter of law. Southern GuarantyIns. Co. v. Thomas, supra; Couch on Insurance 2d, § 49:81, Vol. 13, p. 687. *Page 400 
In Thomas, supra, 334 So.2d at 882-883, this court stated:
 "Where facts are disputed or where conflicting inferences may reasonably be drawn from the evidence, the question of the reasonableness of a delay in giving notice is a question of fact for the jury. Provident Life Accident Insurance Co. v. Heidelberg, 228 Ala. 682, 154 So. 809 (1934). Conflicting inferences concerning the reasonableness of a delay may sometimes be drawn where the insured offers evidence of mitigating circumstances.
 "`However, where an insured fails to show a reasonable excuse or the existence of circumstances which would justify a protracted delay, the Court should as a matter of law hold that there has been a breach of the condition as to notice . . . .'"
 "Zurich General Accident Liability Insurance Co. v. Harbil Restaurant, Inc., 7 A.D.2d 433, 184 N.Y.S.2d 51, 53 (1959). Accord, Provident Life Accident Insurance Co. v. Heidelberg, supra; Annot., 18 A.L.R.2d 443, 504ff. See also Lennon v. American Farmers Mutual Insurance Co., 208 Md. 424, 118 A.2d 500 (1955), where it was held that
 "`[w]here the facts are undisputed and only one conclusion is reasonably possible, the question whether or not the insured under a liability policy complied with the requirement of notice is a question for the court; but where the facts are disputed or more than one conclusion is reasonably possible, the question is one for the jury.'"
The facts in this case are not disputed. The first notice Aetna received of the drowning was through the letter of June 16, 1975, over two years after the occurrence and approximately twenty-one months after suit was filed. Upon discovery of the policy in 1975, Aetna was given notice through its agent Jackson Insurance Agency. The only extenuating circumstance offered by the appellees, and supported by the record, concerning the two year period between the accident and notice to Aetna is the reliance appellees placed on the telephone call to an unidentified lady at the Jackson Agency who stated that the effective date of the policy began August 1, 1973. There is nothing in the record to indicate that the policy was lost at the time the call was placed to the Jackson Agency. To the contrary, the testimony of Hardin shows that the policy was first discovered to be lost in the summer of 1974 when Hardin and his law partners decided to terminate their relationship with Spring Lake and Eight Mile.
In judging the reasonableness of a delay in giving notice to an insurer, there are only two factors to consider: the length of delay and the reasons for the delay. Southern Guaranty Ins.Co. v. Thomas, supra. It is without doubt that a delay of over two years from the time of the accident to the time of notice is unreasonable, absent extenuating circumstances.
As stated above, the only extenuating circumstance is the reliance placed on the telephone call to the Jackson Agency. However, other circumstances cannot be ignored. Hardin was the corporate officer in charge of securing insurance coverage for Spring Lake and Eight Mile. He secured such coverage in August of 1972 through a friend and client, Mr. Weinard, who was employed by the Jackson Agency at that time. The record shows the following correspondence transpired between the Jackson Agency and Hardin in regard to the liability insurance policy:
 a. On August 17, 1972, Weinard wrote to Hardin regarding the policy.
 b. On August 21, 1972, Hardin responded to Weinard's letter of the 17th.
 c. On August 24, 1972, the Jackson Agency billed Spring Lake for the policy.
 d. On February 25, 1973, Jackson Agency billed Spring Lake for the balance of unpaid premium.
 e. On March 25, 1973, Jackson Agency again billed Spring Lake for the unpaid premium.
 f. On July 10, 1973, a month after the Flott drowning, Ivey Jackson wrote Hardin reminding him that the policy was almost a year old and some premium remained unpaid. *Page 401 
 g. On September 4, 1973, Ivey Jackson again wrote Hardin regarding the policy.
 h. On September 19, 1973, Ivey Jackson again wrote Hardin regarding the policy.
 i. In August, 1974, Hardin acting for Spring Lake prepared and filed a Lost Policy Cancellation Release, in order to cancel the policy and obtain repayment to Spring Lake of $799.00 in prepaid but unearned premiums on the policy.
The above clearly shows that Hardin was aware, or should have been aware, that Spring Lake and Eight Mile had liability insurance coverage from August, 1972. Particularly, the letter of July 10, 1973, specifically noted that as of August 1, 1973, the policy was one year old. In light of these facts, any reliance Hardin reposed in the statement of an unidentified lady at the Jackson Agency that the effective date of the policy began August 1, 1973, is unreasonable. The trial court erred in holding that the appellees complied with the conditions of notice under the policy.
Aetna also contends that the trial court erred in holding that Aetna had denied liability coverage, thereby waiving the right to assert policy provisions and conditions. The issue is whether the record factually supports a finding that Aetna had the requisite knowledge to effect a waiver.
As a general rule there can be no waiver without knowledge.North River Ins. Co. v. Flippo, 236 Ala. 128, 181 So. 114
(1938); Security Ins. Co. v. Laird, 182 Ala. 121, 62 So. 182
(1913); Finch v. Life Casualty Ins. Co. of Tennessee,253 Ala. 408, 45 So.2d 16 (1950); Alabama State Mutual Assur. Co.v. Long Clothing Shoe Co., 123 Ala. 667, 26 So. 655 (1899). See also, 44 Am.Jur.2d, Insurance, § 1507.
The trial court made no formal findings of fact but we presume that the trial court made such finding or findings as would support the decree rendered. Grund v. Jefferson County,291 Ala. 29, 277 So.2d 334 (1973).
Appellees argue in their brief that the unidentified lady at the Jackson Agency to which a telephone call was made in 1973 denied coverage, thus waiving Aetna's right to demand compliance with the provisions and conditions of notice. The trial court's decree is obviously based on such a finding.Grund v. Jefferson County, supra.
In regard to what facts Aetna could be charged to have knowledge of, we quote from the deposition of Hardin's secretary, Mrs. Askins, regarding her telephone conversation with the unidentified lady at the Jackson Agency:
 "Q. Did you ever tell her about a lawsuit of Willie Lee Flott against Spring Lake, Inc. which had been served on Spring Lake, Inc.?
"A. No, I didn't, not her, not at that time.
 "Q. Did you ever tell anybody at Jackson at any time?
 "A. No. I never talked to Jackson but once that I can remember.
 "Q. All right, and you never told them about this lawsuit?
"A. No.
"Q. Okay.
 "A. I didn't have the lawsuit at the time I talked to them.
 "Q. Well, never told them of one, whether you had it in your possession or not, is that right?
 "A. Well, I can't remember exactly what I said to the lady that day other than I did want to know if the coverage was effective, because, in effect, that's what I was calling to see about.
 "Q. But my question is, at the time you called, the one time you talked to Jackson, you do not recall telling them about a lawsuit that had been served on Spring Lake as a defendant where Willie Lee Flott was the plaintiff?
"A. No. sir."
The above constitutes the only evidence in the record regarding notice of the drowning to Aetna or the Jackson Agency save the letter of June 16, 1975. It is obvious that Aetna could not be charged with knowledge of even the minimal facts upon *Page 402 
which a waiver could be sustained. The trial court erred in holding that Aetna had denied liability and waived its right to assert conditions under the policy.
The decree of the trial court is hereby reversed.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, JONES, ALMON and EMBRY, JJ., concur.
[1] The declaratory judgment action was dismissed as to Hardin personally.