This is an appeal from a summary judgment rendered in favor of American Liberty Insurance Company. B M Homes, Inc., and Kenneth R. Morrow sued American Liberty for damages for its failure to defend the appellants in a civil suit. We affirm.
B M Homes and Morrow were sued by Thomas J. Hogan and Carol Ann Hogan for damages allegedly caused by breach of warranty and negligence on the construction of a house. The Hogans filed suit in January, 1975. The complaint was served on B M Homes and Morrow about February 1, 1975. The Hogans were awarded a judgment in the amount of $75,000.
B M Homes and Morrow sued American Liberty claiming they were the insureds under a policy of insurance issued by American Liberty which provided coverage for the claims made in the Hogans' suit. The complaint also alleged that B M Homes and Morrow had given American Liberty due notice of the Hogans' suit and that American Liberty had refused to defend B M Homes and Morrow in that suit.
American Liberty defended on the grounds that it had not received proper notice of the occurrence or the Hogans' suit, as required by the policy. American Liberty also asserted that the damages claimed in the suit were expressly excluded by the terms of the policy.
American Liberty moved for summary judgment based on the pleadings, the policy of insurance, and the deposition of John C. Miller, the agent of American Liberty who obtained the insurance policy for B M Homes. Miller testified that the first notice he received of the Hogans' suit was by letter from the attorney for B M Homes and Morrow dated September 29, 1975, over seven months after the appellants were served with the complaint in the Hogan suit.
The appellants' complaint states that American Liberty was given notice of the suit through Mr. Miller on September 29, 1975. The issue of timely notice is dispositive of this appeal.
As a condition precedent to an action against American Liberty, the appellants were required to give timely notice of an occurrence, claim or suit. The policy states:
 "(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of *Page 1196 
the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. The named insured shall promptly take at his expense all reasonable steps to prevent other bodily injury or property damage from arising out of the same or similar conditions, but such expense shall not be recoverable under this policy.
 "(b) If claim is made or suit is brought against the insured, the insured, shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."
The issue of timely notice under these facts is one of law.Aetna Ins. Co. v. Spring Lake, Inc., 350 So.2d 397 (Ala., 1977); Southern Guaranty Ins. Co. v. Thomas, 334 So.2d 879
(Ala., 1976).
In Thomas, supra, the court held that a six-month delay in giving notice to the insurer was unreasonable as a matter of law. It was so held in the face of excuses offered by the insured.
In the present case, the appellants offer no excuse for the over seven month delay in giving notice of the suit. We hold that as a matter of law the notice to American Liberty is unreasonable. Southern Guaranty Ins. Co. v. Thomas, supra.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.