Appeal by Liberty Mutual Insurance Company from a declaratory judgment which requires it to afford to Bob Roberts and Company, Inc., coverage under a contract of comprehensive general liability insurance. We reverse and render.
The facts in the action are not disputed. Those pertinent to the appeal provide this chronology: In 1970, Roberts entered into a subcontract with Dawson Construction Company, a general contractor, for the preparation and installation of certain exterior aggregate panels on a dormitory under construction at Jacksonville State University. Shortly after completion of the construction work in 1971, notice was given to Dawson by the University that the dormitory was leaking. Roberts received notice of the leakage from Dawson on 19 April 1972. In 1973, the University filed suit against Dawson and the architect as a consequence of the leaks. See United States Fidelity andGuaranty Co. v. Jacksonville State University, 357 So.2d 952
(Ala. 1978), affirming jury verdicts against Dawson for $165,842.95 and against the architectural firm for $89,300.05. On 17 February 1975, Dawson filed a third party complaint in that action against Roberts, claiming indemnity from Roberts because the damages sought from Dawson by the University resulted from defects in the panels prepared and installed by Roberts. The third party action was later severed from the main suit. Rule 14 (a), ARCP.
In December 1975, a meeting of the various parties was held and the University presented a report from the Law Engineering Testing Company indicating the aggregate panels were defective as a result of improper or negligent preparation or defects in the cement. During the spring of 1976, Roberts received information suggesting there was a chemical deficiency in the "Boncoat" (trade name of an ingredient) used in the panels made a part of the construction of the dormitory, and a report of a ceramics engineer which indicated the materials used were not properly prepared.
Only after receiving this information did Roberts, in a letter dated 18 June 1976, give its first notice to Liberty Mutual of the occurrence and of the third party action filed by Dawson. The letter requested coverage under a Comprehensive General Liability Policy issued by Liberty Mutual to Roberts, as the named insured, which had been in force for several years. After the representatives of the parties discussed the claim, Liberty Mutual denied coverage because Roberts did not comply with the duties required of the insured under the terms of the policy.
The required duties are set forth in a portion of the policy which reads:
 "4 Insured's Duties in the Event of Occurrence, Claim or Suit
 (a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.
 (b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."
The policy further provides:
 "5 Action Against Company. No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy * * *"
It was, and is, Liberty Mutual's position that coverage should not be afforded to Roberts because the notice given to Liberty Mutual on 18 June 1976 was over four years after Dawson notified Roberts of the leakage and sixteen months after the third party action was filed by Dawson, therefore Roberts breached the conditions precedent to coverage. *Page 970 
After Liberty Mutual denied coverage, Roberts filed this action for declaratory judgment seeking a declaration that Liberty Mutual was required to afford Roberts coverage under the policy for the third party claim of Dawson. Liberty Mutual answered generally, reasserting its reason for denying coverage to Roberts.
After trial, without a jury, the trial court decreed:
 "ORDERED, ADJUDGED and DECREED that the Plaintiff in this cause, Bob Roberts Company, Inc., is entitled to the relief sought in its petition for declaratory judgment;
 "IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Bob Roberts Company, Inc., has not violated the terms and conditions of the contract of insurance in this case, because of the latent and unknown chemical substances which have caused the injury and damage, and the Court finds that under the evidence in the case the notice was reasonably given by Bob Roberts 
Company, Inc., to the Defendant, Liberty Mutual Insurance Company, A Corporation, within the terms of the policy contract and;
 "IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the Defendant, Liberty Mutual Insurance Company, A Corporation, shall afford to the Plaintiff, Bob Roberts Company, Inc., the rights and privileges to which it is entitled under the terms of the contract of insurance."
In this appeal, Liberty Mutual contends the trial court erred in granting declaratory relief in favor of Roberts' because the evidence shows Roberts failed to comply with conditions precedent in the policy requiring notice of an occurrence "as soon as practicable"; and when suit is brought, forwarding every demand, notice, summon or other process received, "immediately." We agree with both assertions.
We focus primarily on the insured's duties, under the policy, when suit is brought against it. On this point, we perceive the dispositive question as: whether Roberts' notice to Liberty Mutual of the third party action filed against it by Dawson was timely as required by the terms of the policy? We answer in the negative.
Our conclusion is based on that part of the policy set forth above which says:
 "If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative." (emphasis added)
The term "immediately," as used in the foregoing, has been construed by this court to mean notice must be given "within a reasonable time" in view of all the facts and circumstances of the case. See Southern Guaranty Insurance Company v. Thomas,334 So.2d 879 (Ala. 1976), and the cases cited therein. See also Aetna Insurance Co. v. Spring Lake, Inc., 350 So.2d 397
(Ala. 1977), and B M Homes, Inc. v. American LibertyInsurance Co., 356 So.2d 1195 (Ala. 1978).
This construction raises the following issue: whether notice of the third party action was given within a reasonable time. No one would challenge the fact that there was a substantial delay between the time Roberts was served with the third party complaint and Roberts forwarding to Liberty Mutual a copy of the summons and third party complaint. However, this does not end our analysis, we must proceed to examine the facts and circumstances to see if the delay was reasonable.
In Southern Guaranty, Justice Bloodworth, writing for the court, said:
 "* * * under Alabama law there are only two factors to be considered in determining the reasonableness of a delay in giving notice to an insurer: the length of the delay and the reasons
for the delay. * * *"
 Length of the Delay
The evidence is undisputed on this factor. Dawson filed the third party action on 17 February 1975, and service of the summons and third party complaint was made thereafter *Page 971 
upon Roberts. Liberty Mutual did not receive a copy of the summons and third party complaint until 18 June 1976, a delay of some sixteen months.
 Reasons for the Delay
Roberts suggests the delay was reasonable because the third party action was based upon warranty and negligence and from its interpretation of the policy these two matters were specifically excluded from the coverage afforded by the policy.
We find no merit in this contention. The policy in question is a comprehensive general liability policy. It was kept in Roberts' corporate office and we must assume there was ample opportunity to read it. The bases for the third party action against Roberts, which it submits was not covered by the policy then, are the same bases upon which Roberts now seeks coverage. It was Roberts' interpretation that the policy did not afford coverage in the first instance. We cannot hold that an insurer be disadvantaged because an insured concludes the policy does not provide coverage, then later claims coverage under the policy and would excuse its delay in forwarding suit papers on a prior different interpretation. We hold this reason insufficient to justify a delay of sixteen months.
In brief, Roberts further intimates the delay was reasonable because it was not award of any liability for the leakage until the report from the ceramics engineer was received in the spring of 1976. We find this excuse equally unwarranted to justify the delay. It was not Roberts' duty, under the terms of the policy, to wait and find out if it was liable for the leakage; it was Roberts' duty to forward to Liberty Mutual, the insurer, "* * * every * * * summons or other process received * * *."
Under the standards announced in Southern Guaranty, we find the delay in this case unreasonable; and hold Roberts' notice to Liberty Mutual of the third party action filed by Dawson did not comply with the terms of the policy; therefore, Roberts released Liberty Mutual from its obligations of coverage under the policy.
Finally, Roberts urges this court to review and reinstate the old rule requiring the insurer to show some injury to it by the insured's failure to report a claim. In Southern Guaranty, we were confronted with the same argument. There we quoted fromAmerican Fire Casualty Co. v. Tankersley, 270 Ala. 126,116 So.2d 579 (1959). We think the passage quoted there is an appropriate response here:
 "`The rule established by the great weight of authority is that where, as in the policy involved in this case, notice of the accident and forwarding of any demand, notice, summons or other process are specifically made a condition precedent to any action against the insurer, the failure to give a reasonably timely notice of the accident or of the receipt of any demand, notice, summons or other process will release the insurer from the obligations imposed by the contract, although no prejudice may have resulted. . . .' [Emphasis supplied.]"
Holding as we do, there is no need to address the contentions of the parties with reference to whether or not there had been an occurrence that put Roberts under an immediate obligation to give notice of that occurrence to Liberty Mutual.
REVERSED AND RENDERED.
BLOODWORTH, FAULKNER, ALMON and BEATTY, JJ., concur.