Coaches Corner, Inc., is a night club located in Montgomery, Alabama. On January *Page 1047 
21, 1979, a fracas occurred when the manager noticed two Corley boys in the club. One of them had previously been barred from the club and, because of this, the manager, Michael Murphy, asked the Corley boys to leave. Murphy testified that when he did, Ricky McDonald, who was standing with the Corley boys, cursed him and said if Murphy made the Corleys leave, he would also have to make McDonald leave. According to Murphy, the three surrounded him, and a fight ensued. Murphy said that he was hit first, but McDonald contradicted this. In any event, several people were involved in the "free-for-all," including Ralph Huckabee, the assistant manager of the club, who came to Murphy's assistance. McDonald ended up in the hospital for a week.
The incident occurred on January 21, 1979. Murphy swore out an arrest warrant against McDonald. That case was tried in the Montgomery city court in late May, 1979. In October, 1979, a nolle prosequi was entered on the city court case.
Ricky McDonald's father called Murphy sometime in May, 1979, and told him that, unless he dropped the charges against his son and paid his hospital expenses, he would sue him.
In November, 1979, McDonald and the Corleys filed a damage suit alleging assault and battery against Coaches Corner, Inc., Michael Murphy, Ralph Huckabee, Bobby Crew, and Jonathon Rowe. Coaches Corner hired a lawyer and, in December or January, asked Palomar Insurance Corporation, an authorized agent of Royal Globe Insurance Company (Royal Globe), to forward to it a copy of the policy in question here. Palomar never sent a copy, but one of its employees testified that he delivered the original to Coaches Corner. Murphy testified that Coaches Corner never received it, and he had never seen it.
The Corleys dismissed their claims, and McDonald dismissed his claim against Rowe. The jury returned a $75,000 verdict against Coaches Corner, Inc., Murphy, and Huckabee, in favor of McDonald.
The summons and complaint were received by Royal Globe on January 15, 1980. Coaches Corner and Royal Globe entered into a non-waiver agreement before Coaches Corner filed an answer to the complaint.
Royal Globe filed a declaratory judgment action against all parties to the damage suit to determine whether it had an obligation to defend Coaches Corner, Murphy, and Huckabee in the suit and whether it had liability for the judgment rendered against them. Defendants Coaches Corner, Murphy, Huckabee, Crew, and Rowe answered the complaint for declaratory judgment suit with a denial and asserted a counterclaim, seeking damages and attorney fees incurred in the defense of the damage suit.
The trial court granted summary judgment in favor of Royal Globe and against Murphy and Huckabee. The case was submitted to a jury on the issue of Royal Globe's insurance coverage of the acts complained of in the damage suit and its duty to defend Coaches Corner in the suit brought against it by Ricky McDonald. The jury answered, as indicated, the following special interrogatories:
 "Were the injuries and damages to Ricky McDonald at Coaches Corner on January 21, 1979 inflicted during an `occurrence' within the meaning of the provisions of the policy of insurance which read as follows: `Occurrence means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.'
Yes X No ___.
 "Did Coaches Corner, Inc. comply with the following provisions of the policy of insurance which read as follows: `4.(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. (b) If claim is made or suit is *Page 1048 
brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.' Yes ___ No X.
 "If your answer to Question Number 2 is `no' then are you reasonably satisfied from the evidence that Coaches Corner, Inc. has shown excuses which would reasonably justify delay? Yes X No ___.
 "Are you reasonably satisfied from the evidence that Royal Globe Insurance Company breached its contract of insurance with Coaches Corner, Inc. and if so, is Coaches Corner entitled to any damages incurred by having to retain an attorney? Yes X No ___. If so, the amount of such damages are assessed at $1,775.00 dollars."
The trial court entered a judgment based on the verdict, holding that liability coverage was due to be afforded to Coaches Corner by Royal Globe, and that the late notice of the occurrence was reasonably justified. It also entered judgment in favor of Coaches Corner on its counterclaim in the sum of $1,775.00.
Thereafter, Royal Globe filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court entered an order granting Royal Globe's motion for judgment notwithstanding the verdict as to Royal Globe's complaint and as to Coaches Corner's counterclaim.
Coaches Corner and Ricky McDonald appealed from this order, and Murphy and Huckabee appealed from the court's order granting summary judgment against them.
In granting the J.N.O.V., the trial court held as a matter of law that Coaches Corner failed to show a reasonable excuse for not giving Royal Globe timely notice of the incident made the basis of the damage suit against it by Ricky McDonald. That is the dispositive issue on the Coaches Corner — Ricky McDonald appeal.
The pertinent policy provisions are:
 "4. Insured's Duties in the Event of Occurrence, Claim or Suit.
 "(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.
 "(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.
". . . .
 "5. Action Against Company. No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy. . . ."
Does the above present an issue of fact for a jury on the reasonableness of the delay in notifying Royal Globe of the incident, or do these facts show as a matter of law that the delay was unreasonable? We hold that a fact issue was presented, and we reverse.
There is no disagreement on the applicable rule of law. InSouthern Guaranty Insurance Company v. Thomas, 334 So.2d 879
(Ala. 1976), we said:
 "Where facts are disputed or where conflicting inferences may reasonably be drawn from the evidence, the question of the reasonableness of a delay in giving notice is a question of fact for the jury. Provident Life Accident Insurance Co. v. Heidelberg, 228 Ala. 682, 154 So. 809 (1934). Conflicting inferences concerning the reasonableness of a delay may sometimes be drawn where the insured offers evidence of mitigating circumstances.
 "`However, where an insured fails to show a reasonable excuse or the existence of circumstances which would justify a protracted delay, the Court should as a matter of law hold that there has been a breach of the condition as to notice. . . .' *Page 1049 
 Zurich General Accident Liability Insurance Co. v. Harbil Restaurant, Inc., 7 A.D.2d 433, 184 N.Y.S.2d 51, 53 (1959). Accord, Provident Life Accident Insurance Co. v. Heidelberg, supra; Annot., 18 A.L.R.2d 443, 504ff. See also Lennon v. American Farmers Mutual Insurance Co., 208 Md. 424, 118 A.2d 500 (1955), where it was held that
 "`[w]here the facts are undisputed and only one conclusion is reasonably possible, the question whether or not the insured under a liability policy complied with the requirement of notice is a question of law for the court; but where the facts are disputed or more than one conclusion is reasonably possible, the question is one for the jury.'"
334 So.2d 879, 882-883.
In granting the J.N.O.V., the trial court held that the insured had failed, as a matter of law, to show a reasonable excuse justifying the delay in notifying the insurer under the rule announced in Southern Guaranty.
In that case, however, the insured was repeatedly advised by his own lawyer to bring his policy to him and failed to do so and failed to notify the insurer although specifically advised by the injured party's lawyer to notify his carrier. He was also informed unequivocally that suit would be filed against him. It was also undisputed that he had in his possession the policy itself. Here, on the other hand, the evidence was in sharp dispute as to whether the original policy was ever delivered to the insured and, when a copy was sought, it was not delivered because the agent said the policy was due to expire in a week or so, and a new one issued anyway. Additionally, distinguishing this case from Southern Guaranty, Murphy testified that, because of the nature of his business, he is threatened with suit frequently but is seldom sued. Therefore, he said, he did not take seriously the threatening call from McDonald's father.
Under all of these circumstances, we cannot agree with the trial court that the excuses offered for the delay were unreasonable as a matter of law.
This result is consistent with this Court's holding inStonewall Insurance Company v. Lowe, 291 Ala. 548,284 So.2d 254 (1973); State Farm Fire and Casualty Company v. HartfordAccident and Indemnity Company, 347 So.2d 389 (Ala. 1977), andPinson Truck Equipment Company, Inc. v. Gulf American Fire andCasualty Company, 388 So.2d 955 (Ala. 1980).
The judgment granted notwithstanding the jury verdict is reversed.
We now turn to the appeal from the summary judgment granted in favor of Royal Globe and against Murphy and Huckabee.
Apparently, summary judgment was granted in favor of Royal Globe and against Murphy because the trial court concluded, as a matter of law, that the act complained of in the McDonald suit was intentional from the standpoint of Murphy and, thus not covered under the policy. Murphy owns a substantial block of stock in Coaches Corner and is the general manager of Coaches Corner. Thus, he is an insured as defined in the policy:
 "(c) if the named insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such."
The policy provides coverage for an occurrence, which is defined as "an accident . . . which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."
Again, we cannot agree. First, we note that intent is not a necessary element of assault and battery, which is the tort which the McDonald complaint alleged, and the trial court in that case so charged the jury. A.P.J.I., "Assault and Battery," § 5.00. Honeycutt v. Louis Pizitz Dry Goods Company, 235 Ala. 507,180 So. 91 (1938). Therefore, we cannot say as a matter of law that the injury inflicted by Murphy *Page 1050 
on McDonald was expected or intended by Murphy. Whether it was or not presents an issue of fact. Hartford Fire InsuranceCompany v. Blakeney, 340 So.2d 754 (Ala. 1976); Smith v. NorthRiver Insurance Company, 360 So.2d 313 (Ala. 1978); Armstrongv. Security Insurance Group, 292 Ala. 27, 288 So.2d 134 (1973);Lawler Mach. Foundry Company, Inc. v. Pacific IndemnityInsurance Company, 383 So.2d 156 (Ala. 1980). Therefore, it was error to grant summary judgment on this issue as to Murphy.
It was, likewise, error to grant summary judgment in favor of Royal Globe and against Huckabee on the ground that the injury to McDonald was intended by Huckabee, if Huckabee is an insured under the policy. However, based upon the record before us, Huckabee is not an insured, being neither an executive officer, director, nor shareholder in Coaches Corner, Inc. (testimony of Murphy at R. 287). This is uncontradicted. Therefore, it was not reversible error to grant summary judgment on the coverage question in favor of Royal Globe and against Huckabee.
The order granting judgment notwithstanding the verdict in favor of Royal Globe is reversed. The order granting summary judgment in favor of Royal Globe and against Murphy is reversed. The order granting summary judgment in favor of Royal Globe and against Huckabee is affirmed.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.