YATES, Judge.
This case concerns a declaratory judgment action regarding the duty of Southern Guaranty Insurance Company to provide coverage to a named insured, Edwin Holdsworth, against an indemnification claim filed by Sears, Roebuck & Company. Sears appeals from a summary judgment entered by the Circuit Court of Montgomery County in favor of Southern Guaranty; the trial court ruled that Holdsworth was precluded from coverage by Southern Guaranty because he failed to give timely notice, as required under the terms of his insurance policy, to Southern Guaranty of an occurrence and lawsuit filed against him. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
A detailed recitation of facts is necessary. In 1988, Sears subcontracted with Edwin Holdsworth to repair the roof of a house belonging to Aubrey Green; the repairs were performed in January 1989. Holdsworth had worked for Sears as a subcontractor in the past, and their contractual agreements provided that Holdsworth would indemnify Sears against any and all claims arising from an act or omission by Holdsworth in his work. Green complained to Sears that the repairs performed were inadequate. In February 1993, after various attempts to remedy the problem failed, Green sued Sears in the Circuit Court of Barbour County, alleging breach of contract and breach of various warranties; conspiracy; and misrepresentation.
When Holdsworth performed the repair work, he was insured individually, d/b/a Holdsworth Construction Company, by. Southern Guaranty under a general liability insurance policy. The policy contained the following provisions:
“4. Insured’s Duties in the Event of Occurrence, Claim or Suit:
“(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.
“(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.”
*450 Holdsworth incorporated his construction company in 1993; Southern Guaranty then issued a general liability policy to the corporation.
Holdsworth met with one of Sears’s attorneys in the fall of 1993 regarding Green’s lawsuit and was told that Sears was considering filing an indemnification action against him. It is undisputed that Holdsworth did not notify Southern Guaranty of Green’s lawsuit or of the possible action by Sears; he testified in a deposition that he did not do so because he “was still hoping to this point that all of this would just go away” and that he “had to wait and see what happened with it.” Holdsworth also stated that he did not report the events to Southern Guaranty because, he said, “I figured it would ruin my insurance and put me out of business basically.”
Sears filed a third-party complaint seeking indemnification against Holdsworth Construction, Inc., on January 21, 1994; Sears did not file a claim against Holdsworth in an individual capacity at that time. Holdsworth did not report the claim to Southern Guaranty; however, it was undisputed that the insurer would not have been contractually obligated to defend Holdsworth in a corporate capacity, as the policy in effect when the repair work was done covered Holdsworth in an individual capacity only. Holdsworth hired a private attorney to defend the corporation.
On July 18, 1994, Sears amended its third-party complaint against Holdsworth Construction to name Holdsworth individually as a third-party defendant. Holdsworth, again, did not notify Southern Guaranty; he testified in a deposition that he did not do so because, he- said, “I thought I could handle it and I would have rather personally bankrupted than had my insurance screwed up.” Sears ultimately notified Southern Guaranty of the lawsuit on August 1, 1994. The next day, a representative of Southern Guaranty met with Holdsworth and his attorney, and the following day Holdsworth requested that the insurer provide coverage. Southern Guaranty undertook Holdsworth’s defense, while reserving the right to refuse indemnification. On August 19, 1994, Southern Guaranty sued in the Circuit Court of Montgomery County, for a judgment against Holdsworth and Sears declaring that it was not obligated to cover Holdsworth in regard to Sears’s indemnification claim.
Sears eventually settled with Green regarding the roof repairs and dismissed its third-party complaint against Holdsworth. It then sued Holdsworth in the Circuit Court of Montgomery County on November 30, 1994, seeking to recover the settlement money and attorney fees. On February 6, 1995, Southern Guaranty moved for a summary judgment in its declaratory action; the trial court granted the motion on April 20, 1995, holding that Holdsworth had failed to timely notify Southern Guaranty and was thus precluded from coverage. Sears appeals.
Alabama law regarding summary judgments is well established. Once the movant has made a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact) and that the movant is entitled to a judgment as a matter of law, the nonmovant must rebut this showing by presenting “substantial evidence” creating a genuine issue of material fact. “Substantial evidence” has been defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989). Also, reasonable doubts concerning the existence of a material fact must be resolved in favor of the nonmoving party. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
Sears contends that the trial court erred in holding that Holdsworth had failed to timely notify his insurer and thus erred in entering a summary judgment for Southern Guaranty based on that holding. Sears argues: 1) that the trial court failed to take into account the fact that a claim was not filed against Holdsworth in an individual capacity until July 18,1994, and, therefore, that notice was timely given to Southern Guaranty by Sears on August 1, 1994; 2) that Sears possessed standing as an injured party to give the required notice; and 3) that the dismissal of the third-party complaint against Holdsworth and the filing of a new action *451 against him rendered moot the issue of notice regarding the original third-party claim.
In Pharr v. Continental Casualty Co., 429 So.2d 1018 (Ala.1983), our supreme court discussed the issue of timely notice to one’s insurer. There, an insured waited eight months before notifying his insurer of a lawsuit and offered no excuse for this delay. In holding that the insured had breached the notice provision of his insurance contract, the supreme court noted that the factors to be considered in determining the reasonableness of a delay in giving notice to an insurer are the length of a delay and the reasons for the delay. Id., at 1019. The court then discussed these factors in the context of a summary judgment, stating:
“Where facts are disputed or where conflicting inferences may reasonably be drawn from the evidence, the question of the reasonableness of a delay in giving notice is a question of fact for the jury. Conflicting inferences concerning the reasonableness of a delay may sometimes be drawn where the insured offers evidence of mitigating circumstances.
“ ‘However, where an insured fails to show a reasonable excuse or the existence of circumstances which would justify a protracted delay, the Court should as a matter of law hold that there has been a breach of the condition as to notice....”’
Id., at 1019 (citations omitted).
We note that the insurance contract in Pharr contained notice provisions identical to those in the insurance contract between Holdsworth and Southern Guaranty; in each of those contracts the notice provisions contained the terms “as soon as practicable” and “immediately”. In Pharr, the supreme court stated that these terms have been construed to mean that notice must be given within a reasonable time in view of the facts and circumstances of the case. Id., at 1019.
Viewing the evidence in a light most favorable to Sears, we conclude that the trial court properly entered the summary judgment for Southern Guaranty. Sears has offered no valid excuse and no evidence' of mitigating circumstances regarding Holdsworth’s delay in notifying his insurer that might suggest a genuine issue of material fact. Thus, Southern Guaranty was entitled to a judgment as a matter of law. Specifically, we find no merit in Sears’s contention that mitigating circumstances exist (i.e., that no action was actually filed against Holdsworth, individually, until July 18, 1994) to excuse Holdsworth’s failure to timely notify his insurer. We can find no just reason why Sears’s mistake in failing to name Holdsworth, individually, in its initial third-party complaint should serve to excuse Holdsworth’s intentional delay. Holdsworth himself never offered Sears’s mistake as a reason for his delay in notifying the insurer. The record is clear that Holdsworth knew as early as the fall of 1993 that a claim was likely to be filed against him pursuant to the indemnification agreement he had had with Sears before he incorporated his business.
Further, this court finds no authority in Alabama to support Sears’s contention that as an injured party it possessed standing to timely notify Southern Guaranty. Although Sears directs our attention to case law from other jurisdictions, we find that case law unpersuasive under the particular facts and circumstances presented here.
Last, we find no merit in Sears’s contention that the dismissal of its third-party complaint against Holdsworth and its subsequent action against him rendered moot the issue of Holdsworth’s timely notice as to the original third-party claim. To hold otherwise would allow parties to circumvent the timely notice provisions of insurance contracts by simply dismissing and then refiling their actions. The summary judgment in favor of Southern Guaranty is affirmed.
AFFIRMED.
ROBERTSON, P.J., and CRAWLEY, J., concur.