ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY, LTD., Appellant, *v.* HARBIL RESTAURANT, INC., et al., Respondents.

First Department, March 31, 1959.

*David S. Konheim* of counsel (*Hartsell, Harrington & Jacobs,* attorneys), for appellant.

*Melvin L. Krulewitch* of counsel (*Barnet V. Kaufman,* attorney), for Harbil Restaurant, Inc., respondent.

RABIN, J. The issue presented in this case, and one which was resolved in the court below in favor of the insured, is whether notice was given to plaintiff insurer "as soon as practicable" as required by the terms of a policy of liability insurance.

On September 3, 1955, Anthony Chiarmonte was assaulted and received serious injuries in a restaurant operated by defendant Harbil Restaurant, Inc. Plaintiff received no notice of this occurrence until May 28, 1956, about five days after an action had been commenced by Chiarmonte. Thus, notice was not given until more than eight months after the assault.

The explanation offered for this extraordinary delay by Silvio Padrevito, owner of the restaurant and hereinafter referred to as defendant, is substantially that he did not think that the restaurant was in any way liable or know that his policy covered this incident in which "Two people had a fight." The court below held that this explanation was sufficient to excuse the delayed notice.

An examination of the entire record, however — particularly with respect to what occurred in the period of eight months during which defendant gave no notice to the company — leads us to a different conclusion and impels a finding that notice was not given in accordance with the terms of the policy. On the day after the assault defendant saw his lawyer and reported the incident to the Alcoholic Beverage Control Board. Thereafter, in February, 1956, defendant visted Chiarmonte at the hospital and the latter made a request, or demand for money. This demand could only have been based on the assault, for Chiarmonte, apart from the occasion of the assault, was a total stranger to the defendant. In March, 1956 an attorney, acting for Chiarmonte, called on defendant and asked questions as to how the assault happened. According to defendant, "He also asked if I was insured and I gave him the name of the Zurich Insurance Co." Despite this defendant still refrained from giving notice to plaintiff.

It would seem that when defendant, immediately after the assault, consulted his lawyer and notified the A. B. C. Board,

he must have realized that the incident would have some impact on him as owner of the restaurant. Again, when defendant visited the hospital and Chiarmonte demanded money, there should have been an even stronger suggestion of a claim of liability against the restaurant. But, giving defendant the benefit of every doubt and even assuming that these incidents were insufficient to charge defendant with knowledge of possible liability, we think any excuse for not giving the company notice, vanished completely when in March, 1956 defendant furnished the name of his insurer to the attorney representing Chiarmonte. Certainly at that time, even if not before, defendant must have known that Chiarmonte was contemplating a claim based upon the assault. To hold otherwise is to ignore the plain facts.

We recognize, of course, that the reasonableness of a delay where there are mitigating circumstances is ordinarily a question of fact for the jury or trier of the facts (*Melcher* v. *Ocean Acc. & Guar. Corp.*, 226 N. Y. 51; *Gluck* v. *London & Lancashire Ind. Co. of America*, 2 A D 2d 751, affd. 2 N Y 2d 953). However, where an insured fails to show a reasonable excuse or the existence of circumstances which would justify a protracted delay, the court should as a matter of law hold that there has been a breach of the condition as to notice (*Deso* v. *London & Lancashire Ind. Co. of America*, 3 N Y 2d 127). The Court of Appeals there said (p. 130) : " Obviously, however, once the insured was made fully aware of the seriousness of the injury and its relation to the accident, the excuse of ignorance was no longer cognizable."

In *Greaves* v. *Public Service Mut. Ins. Co.* (4 A D 2d 609, affd. 5 N Y 2d 120) where the excuse of the insured was that he did not know that he was entitled to coverage under a policy of liability insurance held by a third party, this court said (p. 614) : " It is clear that in the present case the insured gave notice as soon as he ' was *alerted* to the contract coverage ' " (emphasis supplied).

On the facts in the present case we think defendant must be held to have breached the condition of the policy calling for notice as soon as practicable. It cannot be disputed that at least as early as March, 1956, defendant was fully " alerted " to not only the possibility, but in fact the probability, of a claim by Chiarmonte, for as indicated, at that time, after discussing the assault, he gave Chiarmonte's attorney the name of his insurance carrier. He therefore must have been aware of his coverage. Despite this he waited another two months before giving plaintiff notice. Such a delay is clearly unreasonable as a matter of law (*Reina* v. *United States Cas. Co.*, 228 App. Div.

108, affd. 256 N. Y. 537; *Vanderbilt* v. *Indemnity Ins. Co. of North America*, 265 App. Div. 495, 496).

Judgment dismissing the complaint should be reversed on the law and on the facts and declaratory judgment granted in favor of plaintiff-appellant, with costs and disbursements.

BREITEL, J. P., M. M. FRANK, VALENTE and STEVENS JJ., concur.

Judgment unanimously reversed, upon the law and upon the facts and declaratory judgment granted in favor of plaintiff-appellant; with costs to the appellant.

Settle order on notice.