This is an appeal from a declaratory judgment. Billy Joe Pharr (Pharr) filed suit against Russellville Steel Company (Rustco) claiming negligent repair, breach of contract, and breach of warranty. Thereafter, Rustco gave notice of the suit to its insurer, Continental Casualty Company (Continental), requesting it to defend and indemnify Rustco under the terms of the insurance policy. Continental, then in an action separate from the Pharr suit, filed a petition for declaratory judgment to determine its duty to defend and indemnify Rustco. The Circuit Court of Franklin County found that Continental was not obligated to defend or indemnify Rustco; from that judgment, Pharr appeals.
Pharr raises two issues on appeal:
 1. Did Rustco give timely notice to Continental of the suit filed against it by Pharr? *Page 1019 
 2. Is the claim made by Pharr against Rustco excluded under the terms of the insurance policy issued by Continental?
The pertinent facts are as follows. On January 2, 1979, Rustco contracted with Pharr to repair a tractor trailer owned by Pharr. On September 7, 1979, Pharr filed suit against Rustco, alleging that Rustco's negligent repair, breach of contract, and breach of warranty rendered the trailer useless for the purpose for which it had been bought, namely, carrying goods for Pharr's trucking business. Rustco was served on October 19, 1979. Evidence adduced at trial showed that Rustco gave notice of the action to Continental on June 10, 1980. In its final decree, the trial court, without making any findings of fact, ordered that Continental was not required to furnish a defense or indemnification to Rustco.
As a condition precedent to an action against Continental, Rustco was required, under the terms of the insurance policy, to give Continental timely notice of an occurrence, claim, or suit. The policy states:
 "(a) In the event of an Occurrence, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of available witness shall be given by or for the Insured or any of its authorized agents as soon as practicable.
 (b) If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative."
The terms "as soon as practicable" and "immediately" have been construed to mean that notice must be given within a reasonable time in view of the facts and circumstances of the case. PinsonTruck Equipment Company, Inc. v. Gulf American Fire CasualtyCompany, Inc., 388 So.2d 955 (Ala. 1980); Aetna InsuranceCompany v. Spring Lake, Inc., 350 So.2d 397 (Ala. 1977).
The factors to be considered in determining the reasonableness of the delay in giving notice to the insurer are the length of the delay and the reasons for the delay. LibertyMutual Insurance Company v. Bob Roberts and Company, Inc.,357 So.2d 968 (Ala. 1978); Aetna Insurance Company v. Spring Lake,supra. In this case, Pharr filed suit against Rustco on September 7, 1979, and Rustco was served on October 19, 1979. Continental did not receive notice until June 10, 1980, a delay of almost eight months after Rustco was served. Furthermore, Rustco offered no testimony at trial providing an excuse for the delay. In Southern Guaranty Insurance Company v. Thomas,334 So.2d 879, 882-3 (Ala. 1976), this Court stated:
 Where facts are disputed or where conflicting inferences may reasonably be drawn from the evidence, the question of the reasonableness of a delay in giving notice is a question of fact for the jury. Provident Life Accident Insurance Co. v. Heidelberg, 228 Ala. 682, 154 So. 809 (1934). Conflicting inferences concerning the reasonableness of a delay may sometimes be drawn where the insured offers evidence of mitigating circumstances.
 "However, where an insured fails to show a reasonable excuse or the existence of circumstances which would justify a protracted delay, the Court should as a matter of law hold that there has been a breach of the condition as to notice. . . ."
 Zurich General Accident Liability Insurance Co. v. Harbil Restaurant, Inc., 7 A.D.2d 433, 184 N.Y.S.2d 51, 53 (1959). Accord, Provident Life Accident Insurance Co. v. Heidelberg, supra. . . .
In Thomas, where the insured delayed six months in giving notice to the insured and offered no reasonable excuses for the delay, the Court held that the delay was unreasonable as a matter of law.
Since Rustco delayed almost eight months before giving notice to Continental of the action filed against it by Pharr and offered no excuses for the delay, reasonable *Page 1020 
or otherwise, we hold that the insured did not give notice to the insurer within a reasonable time and that the delay was unreasonable as a matter of law.
This we hold, even in light of United States Fidelity andGuaranty Company v. Bonitz Insulation Company of Alabama,424 So.2d 569 (Ala. 1982), in which we held that the insured's delay of more than four years in giving notice of an occurrence to the insurer was not unreasonable. However, Bonitz is distinguishable from the instant case in at least two ways: the insured gave notice to the insurer immediately after suit was filed; and the excuses which the insured offered for the long delay after the occurrence were found to be reasonable.
In addition, Pharr urges this Court to adopt a rule requiring the insurer to show prejudice as a factor in determining the reasonableness of the delay. This contention has been considered and rejected. The Thomas Court, supra, at 883, stated:
 It is implicit in what has been said up to this point that under Alabama law there are only two factors to be considered in determining the reasonableness of a delay in giving notice to an insurer: the length of the delay and the reasons for the delay. The insured has argued that another factor should be considered, viz, the absence of prejudice
to the insurer from the delay. But, under our cases, whether the insurer was prejudiced by the delay is immaterial to a determination of the reasonableness of the delay where the giving of reasonably timely notice is expressly made a condition precedent to any action against the insurer, as in this case.
Holding as we do, we pretermit discussion of Continental's contention that the claim of Pharr was excluded under the terms of the insurance policy.
Finding no merit in appellant's contention that he gave proper notice under the policy, we affirm the judgment of the trial court.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.