Sherry and Michael Haston appeal from a summary judgment in favor of Transamerica Insurance Services on the Hastons' motion to reach and apply insurance proceeds to satisfy a default judgment in favor of the Hastons against Smith Brothers, Inc., of Oxford, Alabama, arising from a slip and fall Mrs. Haston suffered on Smith Brothers' premises. The issue presented is whether the circuit court erred in entering the summary judgment for Transamerica based upon Transamerica's failure to receive notice of Mrs. Haston's fall or of the Hastons' lawsuit, as required by Smith Brothers' liability insurance policy with Transamerica.
On June 1, 1989, Mrs. Haston fell and was injured while on the premises of Smith Brothers. On October 13, 1989, she filed a complaint against Smith Brothers, alleging negligence and wantonness and seeking to recover, as a business invitee, on a theory of premises liability. Mr. Haston joined in the action, asserting a claim for loss of consortium. On October 17, 1989, a sheriff's return of service of the summons and complaint was filed with the circuit court, showing service that day on "Smith Bro's." No officer or agent of Smith Brothers is identified in the return. At some point after Mrs. Haston's fall, Smith Brothers became insolvent and filed a bankruptcy petition.
Smith Brothers did not answer the complaint, and on February 7, 1990, the Hastons applied for an entry of default. On March 13, 1990, default was entered against Smith Brothers, and on September 25, 1990, the *Page 1139 
circuit court entered a judgment for the Hastons against Smith Brothers in the amount of $260,000, plus costs.
On October 22, 1992, the Hastons filed a Rule 69, Ala.R.Civ.P., motion to reach and apply insurance proceeds pursuant to the terms of §§ 27-23-1 and -2, Ala. Code 1975, directed at K K Insurance Company. On February 10, 1993, K 
K answered, alleging that it is not an insurer but acts as an agent on behalf of insurance companies. K K's answer identified Transamerica as Smith Brothers' insurer. K K filed a motion for a summary judgment, and the motion was granted on May 5, 1993.
On April 29, 1993, the Hastons amended their motion to reach and apply insurance proceeds, to join Transamerica as a party. On June 3, 1993, Transamerica answered and moved for a summary judgment. Transamerica's motion alleged that its liability under the contract of insurance with Smith Brothers was preconditioned upon prompt notice from the insured of any accident that might result in a claim and of any claims made or actions brought against the insured. Transamerica's motion further alleged that it received no notice from Smith Brothers concerning Mrs. Haston's fall or concerning the Hastons' claim. The motion was supported by a copy of the insurance policy and by affidavits from each of the three persons authorized to accept service of process on behalf of Smith Brothers in September-October 1989. Each affiant stated:
 "I was never served with the summons and complaint filed by plaintiffs . . . and, as far as I know, no other employee was served with the summons and complaint of plaintiffs. As I was never served with the summons and complaint of plaintiffs and had no knowledge of this suit, no notice of such suit was given by me to any insurance company with whom Smith Bros. Oxford, Inc. may have had a policy or contract of insurance."
The Hastons' response to Transamerica's motion for summary judgment alleged that Transamerica did not challenge the validity of the default judgment; that the failure of Smith Brothers to give Transamerica notice of the Hastons' claim is excused because Smith Brothers had no notice of their claim; and that §§ 27-23-1 and -2, Ala. Code 1975, establish that Transamerica is liable to satisfy the Hastons' judgment, because its policy was in full force and effect at the time of Mrs. Haston's injury. The Hastons' response was supported by an affidavit from Mrs. Haston stating that the injury occurred, that the defendant was served with a summons and complaint, and that "Mr. Summerford [one of Transamerica's affiants] was apparently the head of Smith Brothers being its president and he appears to have entered an agreement or understanding with the insurance company to cooperate with them in an effort not to pay claim and judgment." On February 11, 1994, the circuit court granted Transamerica's motion for summary judgment.
A claim under §§ 27-23-1 and -2 to apply the proceeds of a contract of insurance to satisfy a judgment has been described by this Court as follows:
 "Under Alabama law, the injured party acquires a vested interest (secondary) in the nature of a hypothecation of the insured's rights under the policy.
". . . .
 "Once an injured party has recovered a judgment against the insured, the injured party may compel the insurer to pay the judgment. The injured party, however, can bring an action against the insurer only after he has recovered a judgment against the insured and only if the insured was covered against the loss or damage at the time the injured party's right of action arose against the insured tort-feasor."
Maness v. Alabama Farm Bureau Mut. Casualty Ins. Co.,416 So.2d 979, 981-82 (Ala. 1982). The injured party's "vested interest" is subject to the further qualification that "the terms of the policy imposing obligations on the insured are effective as against the injured party." George v. Employers' Liab.Assurance Corp., 219 Ala. 307, 310, 122 So. 175, 177 (1929);see James Hackworth v. Continental Casualty Co., 522 F. Supp. 785,787 (N.D.Ala. 1980). Thus, defenses to liability available to the insurer in an action brought by the insured would also be available to the insurer in an action brought *Page 1140 
pursuant to §§ 27-23-1 and -2 by the injured party. EmployersIns. Co. v. Crook, 276 Ala. 177, 183, 160 So.2d 463, 469-70
(1964); Employers Ins. Co. v. Johnston, 238 Ala. 26, 31,189 So. 58, 62 (1939); see Fleming v. Pan American Fire CasualtyCo., 495 F.2d 535, 541 (5th Cir. 1974); Southeastern Fire Ins.Co. v. Helton, 192 F. Supp. 441, 444-45 (S.D.Ala. 1961). Collusion between the insurer and the insured, such as an agreement to withhold notice in order to defeat an injured party's claim, would clearly destroy any related defense available to the insurer against the injured party, but, notwithstanding the Hastons' allegations, there is no evidence in this case from which collusive activity may be inferred.
Transamerica argues that notice of the claim brought by the Hastons against Smith Brothers is an unmet precondition for any insurance proceeds to be reached in this case.[1] Resolution of the notice issue, however, must begin with the question of the sufficiency of the Hastons' service of the summons and the complaint on Smith Brothers. While there may be an issue of fact as to whether service was properly effected, the resolution of that issue is not material to our holding, because we conclude below that the controlling issue here may be resolved as a matter of law. On appeal, the Hastons argue positions that seem fatally inconsistent: On one hand, the Hastons point out that the validity of the default judgment is not at issue, thereby implying that it is valid and that there was proper service; on the other, the Hastons argue that the lack of notice from Smith Brothers to Transamerica is excused because Smith Brothers was unaware of the Hastons' action, thereby implying that the default judgment might have been invalid because of improper service. There are two possible legal theories upon which the Hastons may reach the proceeds of the Smith Brothers-Transamerica insurance policy in this case. The first assumes that service on Smith Brothers was valid, and the second that it was invalid.
First, if service on Smith Brothers was proper and, for whatever reason, including an expectation of imminent insolvency, Smith Brothers neither defended the Hastons' action nor notified Transamerica of the action, the default judgment would be proper, but the issue would arise as to whether, given the mandate and spirit of §§ 27-23-1 and -2, the plaintiff should be left without a remedy because the insured, insolvent and arguably indifferent, failed to give the insurer notice of the action. That issue would not need to be resolved here, though, because upon receiving a default judgment, the Hastons would acquire a hypothecated interest in any applicable insurance proceeds, and it would be incumbent upon them at that point to provide prompt notice to Transamerica of the default judgment and of their claim to the proceeds. From the insurance company's perspective, such notice would allow it to challenge the default on any applicable ground and to defend an action, if necessary, while the events and the memories of potential witnesses were as fresh as possible. Thus, this theory turns on the reasonableness of notice provided by the Hastons to Transamerica of their claim to insurance proceeds arising under the Smith Brothers policy.
Second, if service on Smith Brothers was improper, then the default judgment was also *Page 1141 
improper and Smith Brothers would be excused from failing to notify Transamerica of the Hastons' action. The Hastons might also be able to argue this excuse as a means to assert a claim to the insurance proceeds, but again the timeliness of the Hastons' notice to Transamerica of their claim would be critical. Prompt notice would allow Transamerica to move to have the default judgment set aside on grounds of improper service and to proceed to a trial, if necessary, while the events and the memories of the potential witnesses were as fresh as possible. Thus, this theory also turns on the reasonableness of notice provided by the Hastons to Transamerica of their claim to insurance proceeds arising under the Smith Brothers policy.
We find that the term "prompt" notice, as used in the contract of insurance between Transamerica and Smith Brothers, is synonymous with notice terms such as "immediately" and "as soon as practicable," which have been held to mean that "notice must be given within a reasonable time in view of the facts and circumstances of the case." Pharr v. Continental Casualty Co.,429 So.2d 1018, 1019 (Ala. 1983). "[U]nder Alabama law there are only two factors to be considered in determining the reasonableness of a delay in giving notice to an insurer: thelength of the delay and the reasons for the delay." SouthernGuar. Ins. Co. v. Thomas, 334 So.2d 879, 883 (Ala. 1976). If there are disputed facts or conflicting inferences that may reasonably be drawn from the evidence, "the question of the reasonableness of a delay in giving notice is a question of fact for the jury." Id. at 882. But if there is no reasonable excuse offered for a delay in giving notice, the issue may be decided as a matter of law. Id. at 882-83. Here, it is the injured party, by way of a judgment against the insured, that claims a hypothecated interest in proceeds from a policy instead of the insured claiming coverage benefits against the insurer. Under the circumstances of this case, however, we do not find the distinction meaningful, and we hold that these propositions apply to the Hastons.
The length of the delay between the Hastons' default judgment and their motion to reach and apply insurance proceeds was over two years. The Hastons have offered no excuse for the delay, reasonable or otherwise. Therefore, we must conclude that the delay was unreasonable as a matter of law. See Pharr, supra
(holding that an eight-month delay without excuse was unreasonable as a matter of law); Southern Guaranty, supra, (holding that a six-month delay without a showing of a reasonable excuse was unreasonable as a matter of law); Correllv. Fireman's Fund Ins. Cos., 529 So.2d 1006, 1009 (Ala. 1988) (affirming the trial court's judgment where there was a one-year delay and "insufficient reasons for that delay").
Accordingly, the circuit court properly entered the summary judgment for Transamerica on the Hastons' motion to reach and apply insurance proceeds.
AFFIRMED.
MADDOX, SHORES, HOUSTON, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.
[1] Under the contract of insurance with Transamerica, Smith Brothers' duties in the event of an occurrence, claim, or lawsuit were as follows:
 "a. You must see to it that we are notified promptly of an 'occurrence' which may result in a claim. Notice should include:
"(1) How, when and where the 'occurrence' took place; and
 "(2) The names and addresses of any injured persons and witnesses.
 "b. If a claim is made or 'suit' is brought against any insured, you must see to it that we receive prompt written notice of the claim or 'suit'.
"c. You and any other involved insured must:
 "(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit'; . . ."
As to legal action against the insurer, the policy provides:
 "No person or organization has a right under this Coverage Part:
". . . .
 "b. To sue us on this Coverage Part unless all of its terms have been fully complied with.
 "A person or organization may sue us to recover on . . . a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part . . ."