WOODALL, Justice.
 

 Nationwide Mutual Fire Insurance Company (“Nationwide”) appeals from a $75,000 judgment against it and in favor of the estate of Jack Files, deceased. We reverse and render a judgment for Nationwide.
 

 The relevant facts are undisputed. On May 1, 2001, Jack Files and Herbert Sanford were involved in a physical altercation that resulted in injuries to Files. At the time of the incident, Sanford was insured under a homeowner’s insurance policy issued by Nationwide that included personal-liability coverage. Sanford never notified Nationwide of the incident involving Files.
 

 Nationwide first learned of the altercation between Files and its insured on October 1, 2001, when it was contacted by Files’s attorney. Subsequently, both Nationwide and its attorney sought to secure cooperation in Nationwide’s investigation of the altercation. However, Sanford failed to cooperate, and Nationwide was unable to obtain any information from him. On March 29, 2002, Nationwide advised Sanford that it would not defend or indemnify him for the claims brought against him in Files’s personal-injury action. Nationwide advised Sanford that its decision was based, in part, upon his failure to give it notice of the underlying occurrence “as soon as practicable,” as required by the conditions of the liability coverage in his homeowner’s policy.
 

 Sanford never answered the complaint filed against him by Files. On February
 
 *534
 
 20, 2004, the trial court entered a default judgment against Sanford in the amount of $75,000. When Files sought to garnish his wages, Sanford filed for bankruptcy protection. The bankruptcy court allowed Files to seek to collect the judgment against Sanford only to the extent of any available insurance proceeds.
 

 Section 27-23-2, Ala.Code 1975, provides:
 

 “Upon recovery of a final judgment against any person, firm, or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.”
 

 On May 11, 2004, Files filed this action against Nationwide seeking to apply the liability coverage in Sanford’s homeowner’s policy to the satisfaction of the judgment against him.
 
 [1]
 
 Nationwide answered the complaint, stating, in relevant part, that it was not obligated to make any payment, because Sanford, its insured, had failed to satisfy conditions precedent to
 
 coverage
 
 under his policy. Ultimately, after a trial at which ore tenus evidence was presented, the trial court entered a judgment against Nationwide for $75,000, and Nationwide timely appealed.
 

 In
 
 Haston v. Transamerica Insurance Services,
 
 662 So.2d 1138, 1139-40 (Ala.1995), this Court stated:
 

 “A claim under §§ 27-23-1 and —2[, Ala.Code 1975,] to apply the proceeds of a contract of insurance to satisfy a judgment has been described by this Court as follows:
 

 “ ‘Under Alabama law, the injured party acquires a vested interest (secondary) in the nature of a hypothecation of the insured’s rights under the policy.
 

 [[Image here]]
 

 “ ‘Once an injured party has recovered a judgment against the insured, the injured party may compel the insurer to pay the judgment. The injured party, however, can bring an action against the insurer only after he has recovered a judgment against the insured and only if the insured was covered against the loss or damage at the time the injured party’s right of action arose against the insured tort-feasor.’
 

 “Maness v. Alabama Farm Bureau Mut. Casualty Ins. Co., 416
 
 So.2d 979, 981-82 (Ala.1982). The injured party’s ‘vested interest’ is subject to the further qualification that ‘the terms of the policy imposing obligations on the insured are effective as against the injured party.’
 
 George v. Employers’ Liab. Assurance Corp.,
 
 219 Ala. 307, 310, 122 So. 175, 177 (1929);
 
 see James & Hackworth v. Continental Casualty Co., 522
 
 F.Supp. 785, 787 (N.D.Ala.1980). Thus, defenses to liability available to the insurer in an action brought by the insured would also
 
 *535
 
 be available to the insurer in an action brought pursuant to §§ 27-23-1 and -2 by the injured party.
 
 Employers Ins. Co. v. Crook,
 
 276 Ala. 177, 183, 160 So.2d 463, 469-70 (1964);
 
 Employers Ins. Co. v. Johnston,
 
 238 Ala. 26, 31, 189 So. 58, 62 (1939); see
 
 Fleming v. Pan American Fire & Casualty Co.,
 
 495 F.2d 535, 541 (5th Cir.1974);
 
 Southeastern Fire Ins. Co. v. Helton,
 
 192 F.Supp. 441, 444-45 (S.D.Ala.1961)”
 

 Consequently, if Sanford failed to comply with terms of the policy imposing obligations on him — his homeowner’s policy' — • Files is not entitled to reach and apply the liability coverage of that policy to the satisfaction of the judgment he obtained against Sanford.
 

 It is undisputed that the Nationwide policy required Sanford to notify Nationwide of the altercation with Files “as soon as practicable.” This Court addressed identical policy language in
 
 United States Fidelity & Guaranty Co. v. Baldwin County Home Builders Ass’n, Inc.,
 
 770 So.2d 72, 75 (Ala.2000):
 

 “If an ‘occurrence’ takes place, ... the policy requires that the insured give USF & G notice ‘as soon as practicable.’ This Court has held:
 

 “ ‘The requirement of notice “as soon as practicable” means that the insured must give notice “within a reasonable time under all the circumstances.” See
 
 American Liberty Insurance Co. v. Soules,
 
 288 Ala. 163, 258 So.2d 872 (1972). In making this determination, the only factors to be considered are the length of the delay in giving notice and the reasons therefor. Absence of prejudice to the insurer from the delay is not a factor to be considered.
 
 Southern Guaranty Insurance Co. v. Thomas,
 
 334 So.2d 879 (Ala.1976).’
 

 “[United States Fidelity & Guar. Co. v.] Bonitz Insulation Co.,
 
 424 So.2d [569,] 572 [ (Ala.1982) ]. In
 
 Thomas,
 
 cited by this Court in
 
 Bonitz Insulation,
 
 this Court stated:
 

 “ ‘Where facts are disputed or where conflicting inferences may reasonably be drawn from the evidence, the question of the reasonableness of a delay in giving notice is a question ... for the [trier of fact].
 
 Provident Life & Accident Ins. Co. v. Heidelberg,
 
 228 Ala. 682, 154 So. 809 ([Ala.] 1934). Conflicting inferences concerning the reasonableness of a delay may sometimes be drawn where the insured offers evidence of mitigating circumstances.
 

 “‘“However, where an insured fails to show a reasonable excuse or the existence of circumstances which would justify a protracted delay, the Court should as a matter of law hold that there has been a breach of the condition as to notice .... ”
 

 “
 
 ‘Zurich General Accident & Liability Insurance Co. v. Harbil Restaurant, Inc.,
 
 7 A.D.2d 433, 435, 184 N.Y.S.2d 51, 53 (1959).’
 

 “Thomas,
 
 334 So.2d 879, 882-83. Thus, the determination of the fundamental issue, whether notice of the occurrence or claim was given to the insurer within a reasonable time, rests on the reasonableness of the delay.... If conflicting inferences can be drawn from the evidence, the question of reasonableness is submitted to the trier of fact. If the facts are undisputed, however, and the insured does not show justification for the protracted delay, the court may find the delay unreasonable as a matter of law.
 
 Thomas,
 
 334 So.2d at 883:
 
 Bonitz Insulation,
 
 424 So.2d at 572-73.”
 

 Nationwide argues that Sanford, as a matter of law, failed to give it notice of the
 
 *536
 
 altercation between him and Files within a reasonable time. We agree.
 

 The facts of this case are somewhat unusual, because it is undisputed that Sanford has never notified Nationwide of his altercation with Files. Thus, it could be argued that his failure to give notice is a continuing violation of the notice condition of his policy. However, as previously stated, Nationwide learned of the incident five months after it occurred. A few days later, Nationwide sent a letter to Sanford advising him that it had been contacted by Files’s attorney. For the purposes of our review, we will assume, without deciding, that Nationwide’s actual notice of the occurrence excused Sanford from any continuing duty to provide the notice required of him by the policy.
 

 A five-month delay in giving notice is sufficiently protracted as to require the insured to offer evidence of a reasonable excuse for the delay. See
 
 Phoenix Assurance Co. v. Hairy Harless Co.,
 
 303 F.Supp. 867 (N.D.Ala.), aff'd, 414 F.2d 794 (5th Cir.1969) (four-month delay);
 
 Pharr v. Continental Cas. Co.,
 
 429 So.2d 1018 (Ala.1983) (eight-month delay);
 
 Southern Guar. Ins. Co. v. Thomas,
 
 334 So.2d 879 (Ala.1976) (six-month delay). Sanford did not testify at trial; thus, there is no evidence of any excuse or justification for his failure to provide the requisite notice as soon as practicable. In his brief, Files makes no attempt to justify Sanford’s failure.
 

 For the foregoing reasons, we hold that, as a matter of law, Sanford failed to comply with the notice requirement of his homeowner’s insurance policy. Therefore, as a matter of law, Files is not entitled to reach and apply the liability coverage of that policy to satisfy the judgment he obtained against Sanford. Consequently, the trial court’s judgment is reversed, and a judgment is rendered for Nationwide.
 
 [2]
 

 REVERSED AND JUDGMENT RENDERED.
 

 SEE, LYONS, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
 

 COBB, C.J., concurs in the result.
 

 [1]
 

 . Files died on January 14, 2005; his estate was substituted as the plaintiff on May 5, 2005. See Rule 25(a)(1), Ala. R. Civ. P.
 

 [2]
 

 . Our conclusion concerning the notice requirement pretermits the need to address Na-lionwide's contentions that Sanford violated the policy conditions in other ways.