BOLIN, Justice.
The Travelers Indemnity Company of Connecticut (hereinafter “Travelers”) appeals from a $251,913.91 judgment against it and in favor of Willie A. Miller.[1] We reverse and remand.
Smith House Movers, Inc. (“Smith”), was hired as a subcontractor for a corporation that was constructing a new bypass highway in Red Bay; Smith was hired to move houses located in the path of the roadwork to be performed. Smith had to have a certificate of insurance to perform the work, and it obtained a commercial general-liability policy (hereinafter “CGL policy”) and an automobile policy from Travelers, both of which were effective from December 30, 2004, to December 30, 2005.
On September 15, 2005, Miller entered into a contract with Smith to purchase one of the houses and to move it from Red Bay to Vina. The contract provided that Smith was to move the house, pour a foundation, and place the house on the new foundation in Vina. Miller paid Smith $37,500 for the house and those services. The house was to be moved by the Thanksgiving holiday 2005. Sometime in November, Smith cut the house into two pieces and delivered the first piece to Vina.[2] However, the foundation was improperly poured and did not fit, and the house had been damaged in the move. Eventually, Miller had to hire an *340 other company to complete moving the house and to repair the damage.
On January 23, 2006, Miller sued Smith, alleging breach of contract, negligence, and wantonness. On February 7, 2006, Smith was served with notice of the complaint. Smith did not answer or appear. On March 9, 2006, Miller applied for an entry of default against Smith. On March 13, 2006, the circuit court entered a default judgment against Smith in the amount of $152,500 plus court costs.[3] Dave Pizur & Associates (“Pizur”) was listed as the agent on Smith’s CGL policy and automobile policy with Travelers, and on May 19, 2006, Miller’s counsel attempted to contact Travelers through Pizur by sending Pizur a letter and a copy of the certificate of judgment against Smith. On June 8, 2006, counsel sent Pizur another letter requesting payment of the judgment. The letter indicated that counsel had received telephone calls and a fax from Pizur. On June 13, 2006, and again on June 14, 2006, Pizur forwarded counsel’s correspondence and a “quick fax” to Travelers that set out a brief statement of the claim. On July 7, 2006, not having heard from Pizur or Travelers, Miller’s counsel sent Pizur another letter. On July 10, 2006, Pizur referred counsel to Kay Stovall, an employee with Travelers. On October 17, 2006, Travelers notified Smith and Smith’s bankruptcy attorney[4] that it was denying coverage of the claim based on lack of notice because, Travelers stated, it had not received notice of the claim until “July 14, 2006,” and that attempts to contact Smith had been to no avail. Travelers also denied the claim on the ground that neither the CGL policy nor the automobile policy covered Miller’s claim. Travelers did not inform Miller or his counsel that it was denying the claim.
On January 22, 2007, the bankruptcy court lifted its stay and allowed Miller to collect the default judgment it had obtained against Smith only to the extent of any insurance coverage that might be available. On October 17, 2007, Travelers sent Smith and its bankruptcy attorney a letter again denying coverage for the claim.
On January 21, 2008, Miller sued Travelers pursuant to § 27-23-2, Ala.Code 1975, which provides a judgment creditor with a right of a “direct action” against the judgment debtor’s (Smith’s) insurer. Miller sought to apply the proceeds of Smith’s CGL policy and automobile policy' issued by Travelers to the default judgment Miller had obtained against Smith. Travelers answered and asserted, among other things, that the conditions precedent under the policies had not been met. On July 9, 2009, Travelers filed a summary-judgment motion on the ground that because the notice conditions of the CGL and automobile policies had been breached, neither policy provided coverage for Miller’s claims. The trial court denied the motion. On March 4, 2010, Travelers filed a second motion for a summary judgment, arguing that the CGL and automobile policies did not provide coverage based on the terms in the policies, including certain exclusions. The trial court denied the motion. On May 14, 2010, the trial court conducted a bench trial. On September 17, 2010, the court entered a judgment in favor of Miller. On October 13, 2010, Travelers filed a motion to alter, amend, or vacate the judgment, which was denied by operation of law. Travelers timely filed its notice of appeal.

*341
Issues

Travelers argues that the trial court erred in denying its July 9, 2009, motion for summary judgment based on late notice of the claim. Travelers also argues that the trial court erred in denying its summary-judgment motion filed on March 4, 2010, regarding policy coverage of the claim. Travelers goes on to argue that, if the summary-judgment standard of review is not applicable, thén the trial court’s final judgment in favor of Miller should be reversed on the grounds that late notice bars recovery; that there was no “occurrence” or “accident” as those terms are defined in the policies; and that certain exclusions in the policies bar recovery. Last, Travelers argues that postjudgment interest was improperly applied.

Law and Analysis

We disagree with Travelers’ argument that this Court should address the trial court’s denial of its summary-judgment motions. “[W]e do not review a trial court’s denial of a summary-judgment motion following a trial on the merits. See Grayson v. Hanson, 843 So.2d 146 (Ala.2002); Superskate, Inc. v. Nolen, 641 So.2d 231, 233 (Ala.1994); see also Lind v. United Parcel Service, Inc., 254 F.3d 1281, 1283-84 (11th Cir.2001).” Mitchell v. Folmar & Assocs., LLP, 854 So.2d 1115, 1116 (Ala.2003)0.[5]
The principal legal issue presented in this appeal is whether, under the evidence presented, the trial court could properly conclude that Travelers was bound to provide coverage to Smith with respect to the occurrences described in Miller’s complaint. Because there were questions of fact regarding notice and coverage, the trial court received testimony in both oral and written form before entering its final judgment. Therefore, the ore ten-us standard of review applies: “Where evidence on an issue is presented both orally and by deposition, the ore tenus rule affords the trial court’s finding a presumption of correctness.” Hall v. Mazzone, 486 So.2d 408, 410 (Ala.1986). “Under that standard, a trial court’s findings of fact based on oral testimony and a judgment based on those findings are given a presumption of correctness.” Beavers v. County of Walker, 645 So.2d 1365, 1372 (Ala.1994). However, “that standard’s presumption of correctness has no application to a trial court’s conclusions on questions of law.” Id.
We now turn to whether the notice provided to Travelers of Miller’s claims against Smith was timely. The CGL policy provided that Smith must notify Travelers “as soon as practicable of an ‘occurrence’ or an offense which may result in a claim.” The CGL policy also provided that Smith had to “immediately record the specifics of the suit” and to notify Travelers “as soon as practicable” if a claim or an action was filed against it. The automobile policy provided that Smith provide Travelers with “prompt notice of the ‘accident’ or ‘loss.’ ” The automobile policy also provided that Smith was to “immediately send” Travelers copies of any suit filed against it. On September 15, 2005, Miller entered into a contract with Smith to move a house, which Smith attempted in November 2005. On January 23, 2006, Miller sued Smith, alleging breach of contract, negligence, and wantonness. On February 7, 2006, Smith was served with notice of the com *342 plaint. Smith did not answer or appear. On March 9, 2006, Miller applied for an entry of default against Smith. On March 13, 2006, the circuit court entered a default judgment against Smith. The trial court found that Travelers received notice of that judgment on June 13, 2006. Eventually, Miller brought a direct action against Travelers under § 27-23-2, seeking the insurance proceeds.
“[T]he failure of an insured to comply within a reasonable time with such conditions precedent in an insurance policy requiring the insureds to give notice of an accident or occurrence releases the insurer from obligations imposed by the insurance contract.” Reeves v. State Farm Fire & Cas. Co., 539 So.2d 252, 254 (Ala.1989). The term “as soon as practicable” has been interpreted “to mean that ‘notice must be given within a reasonable time in view of the facts and circumstances of the case.’ ” Haston v. Transamerica Ins. Servs., 662 So.2d 1138, 1141 (Ala.1995) (quoting Pharr v. Continental Cas. Co., 429 So.2d 1018, 1019 (Ala.1983)). “Prompt” notice has also been interpreted to mean that such notice must be given within a reasonable time in view of all the facts and circumstances. St. Paul Fire & Marine Ins. Co. v. Elliott, 545 So.2d 760 (Ala.1989). Only two factors are to be considered in determining the reasonableness of a delay in giving notice to the insurer: the length of the delay and the reasons for the delay. United States Fid. & Guar. Co. v. Baldwin County Home Builders Ass'n, 770 So.2d 72, 75 (Ala.2000). Whether notice of the occurrence or claim was given to the insurer within a reasonable time rests on the reasonableness of the delay. Id. Prejudice to the insurer from any such delay in providing notice is not a factor. Id.
In this case notice was provided by an injured party; the insured has never given notice to insurer. We note that Travelers does not dispute that written notice by an injured party instead of its insured could satisfy the notice requirements of the policies. Instead, the issue raised by Travelers is whether such notice was timely. The Court of Civil Appeals has stated:
“Safeway Insurance Co. [of Alabama v. Thompson, 688 So.2d 271 (Ala.Civ.App.1996),] by recognizing an injured party’s right of direct action against an insurer when the injured party has, himself, given notice of the underlying lawsuit to the insurer, even when the insured has failed to do so, arguably is consistent with those cases explaining that the injured party stands in the same position as the insured as of the time of the accident or injury at issue. See, e.g., State Farm Mut. Auto. Ins. Co. v. McClendon, 269 Ala. 456, 458-59, 114 So.2d 153, 155 (1959) (decided under the predecessor to Alabama’s direct-action statute, § 27-23-2, Ala.Code 1975, and explaining that the injured party’s rights under the tortfeasor’s insurance policy are derivative and that the injured party ‘stands in the same position the insured would occupy if he had paid the judgment’ and sued the insurer himself); Fleming v. Pan American Fire & Cas. Co., 495 F.2d 535, 541 (5th Cir.1974) (decided under the predecessor to § 27-23-2 and holding that ‘the right of the judgment creditor relates back to the time when his right of action arose’); compare George v. Employers’ Liability Assurance Corp., 219 Ala. 307, 310, 122 So. 175, 177 (1929) (decided under predecessor to § 27-23-2 and holding that an injured party has a vested interest ‘in the nature of an hypothecation of the amount,’ if any, due by an insurer to an insured, so that the provisions of an insurance policy imposing an obligation to testify and otherwise cooperate in the defense of the lawsuit were effective against the injured party).”
*343 Alfa Ins. Co. v. Templeton, 919 So.2d 300, 305 n. 3 (Ala.Civ.App.2005).
In Nationwide Mutual Fire Insurance Co. v. Estate of Files, 10 So.3d 533 (Ala.2008), we addressed the timeliness of notice when the insured had not given notice to the insurer. The injured party was involved in an altercation with the insured on May 1, 2001. The insured had a homeowner’s policy that included personal-liability coverage. The insurer was notified of the altercation on October 1, 2001, when it was contacted by the injured party’s attorney. Subsequently, the insurer sought to secure the insured’s cooperation, but it was unable to obtain any information from him. On March 29, 2002, the insurer advised the insured that it would not defend or indemnify him, in part because he had failed to give it notice of the underlying occurrence “as soon as practicable” as required under the policy. The injured party sued the insured, but the insured never answered or appeared. On February 20, 2004, the trial court entered a default judgment against the insured. When the injured party sought to garnish the insured’s wages, the insured filed for bankruptcy protection. The bankruptcy court allowed the injured party to seek to collect the judgment against the insured only to the extent of any available insurance proceeds. Subsequently, the injured party sued the insurer, pursuant to § 27-23-2, seeking to apply the liability coverage in the insured’s homeowner’s policy to satisfy the judgment.
“It is undisputed that the [insurance] policy required [the insured] to notify [the insurer] of the altercation with [the injured party] ‘as soon as practicable.’ This Court addressed identical policy language in United States Fidelity & Guaranty Co. v. Baldwin County Home Builders Ass’n, Inc., 770 So.2d 72, 75 (Ala.2000):
“‘If an “occurrence” takes place, .,. the policy requires that the insured give USF & G notice “as soon as practicable.” This Court has held:
“ ‘ “The requirement of notice ‘as soon as practicable’ means that the insured must give notice ‘within a reasonable time under all the circumstances.’ See American Liberty Insurance Co. v. Soules, 288 Ala. 163, 258 So.2d 872 (1972). In making this determination, the only factors to be considered are the length of the delay in giving notice and the reasons therefor. Absence of prejudice to the insurer from the delay is not a factor to be considered. Southern Guaranty Insurance Co. v. Thomas, 334 So.2d 879 (Ala.1976).”
“ ‘[United States Fidelity & Guar. Co. v.] Bonitz Insulation Co., 424 So.2d [569,] 572 [(Ala.1982)]. In Thomas, cited by this Court in Bonitz Insulation, this Court stated:
“ ‘ “Where facts are disputed or where conflicting inferences may reasonably be drawn from the evidence, the question of the reasonableness of a delay in giving notice is a question ... for the [trier of fact]. Provident Life & Accident Ins. Co. v. Heidelberg, 228 Ala. 682, 154 So. 809 (1934). Conflicting inferences concerning the reasonableness of a delay may sometimes be drawn where the insured offers evidence of mitigating circumstances.
“ ‘ “ ‘However, where an insured fails to show a reasonable excuse or the existence of circumstances which would justify a protracted delay, the Court should as a matter of law hold that there has been a breach of the condition as to notice. ...’
*344 “'“Zurich General Accident & Liability Insurance Co. v. Harbil Restaurant, Inc., 7 A.D.2d 433, 435, 184 N.Y.S.2d 51, 53 (1959).”
‘“Thomas, 334 So.2d 879, 882-83. Thus, the determination of the fundamental issue, whether notice of the occurrence or claim was given to the insurer within a reasonable time, rests on the reasonableness of the delay.... If conflicting inferences can be drawn from the evidence, the question of reasonableness is submitted to the trier of fact. If the facts are undisputed, however, and the insured does not show justification for the protracted delay, the court may find the delay unreasonable as a matter of law. Thomas, 334 So.2d at 883; Bonitz Insulation, 424 So.2d at 572-73.’
[[Image here]]
“The facts of this case are somewhat unusual, because it is undisputed that [the insured] has never notified [the insurer] of his altercation with [the injured party]. Thus, it could be argued that his failure to give notice is a continuing violation of the notice condition of his policy. However, as previously stated, [the insurer] learned of the incident five months after it occurred. A few days later, [the insurer] sent a letter to [the insured] advising him that it had been contacted by [the injured party’s] attorney. For the purposes of our review, we will assume, without deciding, that [the insurer’s] actual notice of the occurrence excused [the insured] from any continuing duty to provide the notice required of him by the policy.
“A five-month delay in giving notice is sufficiently protracted as to require the insured to offer evidence of a reasonable excuse for the delay. See Phoenix Assurance Co. v. Harry Harless Co., 303 F.Supp. 867 (N.D.Ala.), aff'd, 414 F.2d 794 (5th Cir.1969) (four-month delay); Pharr v. Continental Cas. Co., 429 So.2d 1018 (Ala.1983) (eight-month delay); Southern Guar. Ins. Co. v. Thomas, 334 So.2d 879 (Ala.1976) (six-month delay). [The insured] did not testify at trial; thus, there is no evidence of any excuse or justification for his failure to provide the requisite notice as soon as practicable. In his brief, [the injured party] makes no attempt to justify [the insured’s] failure.”
10 So.3d at 535-36. The Court held that the insured had failed to comply with the notice requirement of his insurance policy and reversed the trial court’s judgment for the injured party and rendered a judgment for the insurer.
Miller (like the injured party in Files) does not offer any reasons for Smith’s delay in notifying Travelers of Miller’s claims against it. Instead, Miller argues that his notice to Travelers was reasonable under Haston v. Transamerica Insurance Services, supra.
In Haston, the Hastons (the injured parties) sued Smith Brothers, Inc. (the insured), in October 1989, and Smith Brothers did not answer the complaint. In September 1990, a default judgment was entered against Smith Brothers. After obtaining the default judgment, the Ha-stons filed a direct action in October 1992 against an agent of Transamerica and later added Transamerica as Smith Brothers’ insurance provider under § 27-23-1. Transamerica moved for summary judgment, which the trial court granted.
On appeal, this Court noted that pursuant to a claim asserted under §§ 27-23-1 and -2, Ala.Code 1975, seeking to apply the proceeds of an insurance contract to satisfy a judgment, the injured party acquires a vested interest (secondary) in the nature of a hypothecation of the insured’s rights under the policy and that once the *345 injured party has recovered a judgment the injured party may compel the insurer to pay the judgment. However, the injured party can bring an action only after he or she has recovered a judgment and only if the insured was covered under the terms of the policy. The Court also noted that the injured party’s vested interest was subject to the terms of the policy imposing obligations on the insured, and, therefore, defenses to liability available to the insurer in an action brought by the insured would also be available to the insurer in an action brought by an injured party under §§ 27-2B-1 and -2.
The Haston Court went on to explain:
“Transamerica argues that notice of the claim brought by the Hastons against Smith Brothers is an unmet precondition for any insurance proceeds to be reached in this case. Resolution of the notice issue, however, must begin with the question of the sufficiency of the Hastons’ service of the summons and the complaint on Smith Brothers. While there may be an issue of fact as to whether service was properly effected, the resolution of that issue is not material to our holding, because we conclude below that the controlling issue here may be resolved as a matter of law. On appeal, the Hastons argue positions that seem fatally inconsistent: On one hand, the Hastons point out that the validity of the default judgment is not at issue, thereby implying that it is valid and that there was proper service; on the other, the Hastons argue that the lack of notice from Smith Brothers to Transamerica is excused because Smith Brothers was unaware of the Hastons’ action, thereby implying that the default judgment might have been invalid because of improper service. There are two possible legal theories upon which the Hastons may reach the proceeds of the Smith Brothers-Transamerica insurance policy in this case. The first assumes that service on Smith Brothers was valid, and the second that it was invalid.
“First, if service on Smith Brothers was proper and, for whatever reason, including an expectation of imminent insolvency, Smith Brothers neither defended the Hastons’ action nor notified Transamerica of the action, the default judgment would be proper, but the issue would arise as to whether, given the mandate and spirit of §§ 27-23-1 and -2, the plaintiff should be left without a remedy because the insured, insolvent and arguably indifferent, failed to give the insurer notice of the action. That issue would not need to be resolved here, though, because upon receiving a default judgment, the Hastons would acquire a hypothecated interest in any applicable insurance proceeds, and it would be incumbent upon them at that point to provide prompt notice to Transamerica of the default judgment and of their claim to the proceeds. From the insurance company’s perspective, such notice would allow it to challenge the default on any applicable ground and to defend an action, if necessary, while the events and the memories of potential witnesses were as fresh as possible. Thus, this theory turns on the reasonableness of notice provided by the Hastons to Transamerica of their claim to insurance proceeds arising under the Smith Brothers policy.
“Second, if service on Smith Brothers was improper, then the default judgment was also improper and Smith Brothers would be excused from failing to notify Transamerica of the Hastons’ action. The Hastons might also be able to argue this excuse as a means to assert a claim to the insurance proceeds, but again the timeliness of the Hastons’ notice to Transamerica of their claim *346 would be critical. Prompt notice would allow Transamerica to move to have the default judgment set aside on grounds of improper service and to proceed to a trial, if necessary, while the events and the memories of the potential witnesses were as fresh as possible. Thus, this theory also turns on the reasonableness of notice provided by the Hastens to Transamerica of their claim to insurance proceeds arising under the Smith Brothers policy.
“We find that the term ‘prompt’ notice, as used in the contract of insurance between Transamerica and Smith Brothers, is synonymous with notice terms such as ‘immediately’ and ‘as soon as practicable,’ which have been held to mean that ‘notice must be given within a reasonable time in view of the facts and circumstances of the case.’ Pharr v. Continental Casualty Co., 429 So.2d 1018, 1019 (Ala.1983). ‘[Ujnder Alabama law there are only two factors to be considered in determining the reasonableness of a delay in giving notice to an insurer: the length of the delay and the reasons for the delay.’ Southern Guar. Ins. Co. v. Thomas, 334 So.2d 879, 883 (Ala.1976). If there are disputed facts or conflicting inferences that may reasonably be drawn from the evidence, ‘the question of the reasonableness of a delay in giving notice is a question of fact for the jury.’ Id. at 882. But if there is no reasonable excuse offered for a delay in giving notice, the issue may be decided as a matter of law. Id. at 882-83. Here, it is the injured party, by way of a judgment against the insured, that claims a hypothecated interest in proceeds from a policy instead of the insured claiming coverage benefits against the insurer. Under the circumstances of this case, however, we do not find the distinction meaningful, and we hold that these propositions apply to the Hastens.
“The length of the delay between the Hastens’ default judgment and their motion to reach and apply insurance proceeds was over two years. The Hastons have offered no excuse for the delay, reasonable or otherwise. Therefore, we must conclude that the delay was unreasonable as a matter of law. See Pharr, supra (holding that an eight-month delay without excuse was unreasonable as a matter of law); Southern Guaranty, supra (holding that a six-month delay without a showing of a reasonable excuse was unreasonable as a matter of law); Correll v. Fireman’s Fund Ins. Cos., 529 So.2d 1006, 1009 (Ala.1988) (affirming the trial court’s judgment where there was a one-year delay and ‘insufficient reasons for that delay1).”
662 So.2d at 1140-41 (footnote omitted). The Court in Haston affirmed the trial court’s judgment. In Haston, the Court recognized that the policy between Trans-america and Smith Brothers required prompt notice of any occurrence under the policy. The Court went on to address the Hastens’ alternative arguments regarding whether Smith Brothers was properly served. The Court recognized that, if Smith Brothers were properly served and did not appear, the plaintiff/injured party could be left without a remedy because the insured, insolvent and arguably indifferent, failed to give the insurer notice of the action. However, the Court did not resolve that issue because it concluded that, upon receiving a default judgment, the Ha-stons, as the injured parties, would acquire a hypothecated interest in any applicable insurance proceeds, and it would be incumbent upon them at that point to provide prompt notice to Transamerica of the default judgment and of their claim to the proceeds. In short, what the Haston Court did was to conclude that the injured party’s duty to protect his hypothecated *347 interest by seeing that timely notice of the lawsuit is given to the insured’s insurer was independent of the contractual duties of the insured in providing notice, in that notice from the injured party after a default judgment was entered, if timely, would satisfy the notice requirement. The Haston Court went on to address the Hastens’ alternative argument that Smith Brothers was not properly served and, therefore, that Smith Brothers would have an excuse for not timely notifying Trans-america of the Hastens’ action. The Court recognized that the Hastens could argue Smith Brothers’ improper service as an excuse to assert their claim against the insurance proceeds. However, the Court went on to hold that the timeliness of the Hastons’ notice to Transamerica would be critical because timely notice would allow Transamerica to move to set aside the default judgment. The Court again recognized that the policy between Trans-america and Smith Brothers required prompt notice and that under Alabama law there are only two factors to be considered in determining the reasonableness of a delay in giving notice: the length of the delay and the reasons for the delay. The Court went on to apply those two factors to the Hastons’ delay in notifying Trans-america of their default judgment. With regard to the factors determining delay, the Court expressly found no meaningful distinction between an injured party’s claiming, by way of a judgment against the insured, a hypothecated interest in proceeds from a policy and an insured’s claiming coverage benefits against the insurer, but it found that the injured party’s delay was at issue in that case. Ultimately, the Court concluded that the length of delay between the Hastons’ default judgment and their attempt to reach and to apply the insurance proceeds was over two years and that that delay was unacceptable.
It is clear that there is a conflict between Files and Haston. We note that Haston has been cited only for general propositions of law and has never been relied by upon by state courts for the proposition that an injured party’s duty to protect his hypothecated interest by seeing that timely notice of the lawsuit is given to an insured’s insurer was independent of the contractual duties of the insured. Although we have not been asked to overrule Haston and it is this Court’s practice not to address issues not presented on appeal, Haston is an aberration; none of this Court’s decisions subsequent to Haston have relied on it to provide an injured party an independent right to provide notice to an insurer after a default judgment is entered against the insurer’s insured. Accordingly, we overrule Haston to the extent that it purports to give a right to an injured party who gives notice after a default judgment has been entered, a right the insured would not have had nor have been successful in pursuing.
Both the CGL policy and the automobile policy had provisions for giving Travelers timely notice of an occurrence and timely notice of any legal action filed based on the occurrence. The purposes behind these two types of notice is well settled: An insurer must have timely notice of an event or occurrence in order to form an intelligent estimate of its rights and liabilities under the policy, to afford it an opportunity to investigate, to allow it to participate in the litigation, and to prevent fraud. Pan American Fire & Cas. Co. v. DeKalb-Cherokee Counties Gas Dist., 289 Ala. 206, 266 So.2d 763 (1972). The purpose of a notice-of-lawsuit provision in an insurance policy is to give the insurer the opportunity to control litigation on which its contractual liability hinges. North River Ins. Co. v. Overton, 59 So.3d 1 (Ala.2010).
In the present case, Smith did not provide Travelers with notice of the occur *348 rence nor did Smith forward copies of the complaint filed against it by Miller to Travelers. Miller did not offer any excuses for Smith’s delay in notifying — actually its failure to notify — Travelers. Miller’s notice to Travelers after the default judgment was entered was untimely. We note that it appears that Miller’s counsel knew of Smith’s certificate of insurance, which Smith was required to have, as early as when counsel served Smith. However, Travelers was not notified of the action until after a default judgment had been entered. Travelers never had the opportunity to control the litigation because a judgment had been entered before Travelers had knowledge of the lawsuit. Under our decision in Files, Miller is barred from recovering under the policies. Accordingly, we reverse the judgment of the trial court and remand the case for proceedings consistent with this opinion. We pretermit discussion of the remaining arguments made by Travelers.
REVERSED AND REMANDED.
WOODALL, STUART, PARKER, MURDOCK, SHAW, MAIN, and WISE, JJ., concur.
MALONE, C.J., recuses himself.

. Miller died on October 19, 2010. While this appeal was pending, the personal representative of Miller’s estate filed in the trial court a motion for substitution of plaintiff; he later filed a motion to substitute with this Court. His personal representative is substituted as the plaintiff pursuant to Rule 43, Ala. R.App. P.

. The testimony conflicted as to the dates Smith attempted to move Miller’s house.

. The judgment awarded accrued post-judgment interest at the rate of 12% per an-num. See Ala.Code 1975, § 8-8-10.

. Smith filed for bankruptcy protection on July 12, 2006.

. "Ordinarily, any issue as to the denial of [a] summary judgment motion would be moot, because the sufficiency of the evidence at trial would be the significant question on appeal.” Superskate, Inc. v. Nolen, 641 So.2d 231, 233 (Ala.1994). In Superskate, this Court stated that such a review would occur only in a rare case. Furthermore, Travelers does not cite Superskate, nor does it argue that this case would be such a rare case.