MURDOCK, Justice
(concurring specially).
The dissent charges that, in overruling Mock v. Alien, 783 So.2d 828 (Ala.2000), the main opinion “changes the law” and “abandons precedent.” 201 So.3d at 543 (Shaw, J., concurring in case no 1130041 and dissenting in case no. 1130036). To begin, under the declarative theory of law, the main opinion does not “change the law.” 201 So.3d at 540. No opinion of this Court ever does that. We simply recognize, as this Court has done countless times throughout it history, that one or more prior opinions of this Court incorrectly stated the law and that we are correcting that error. As is customary when this or any appellate court realizes the error of some prior decision, we “overrule” prior precedent.
Citing Moore v. Prudential Residential Services Ltd. Partnership, 849 So.2d 914, 926 (Ala.2002), and Ex parte McKinney, 87 So.3d 502, 509 n. 7 (Ala.2011), the dissent suggests that this Court has an ironclad rule that, unless a party explicitly requests that we overrule a case, we will not do so. The dissent even chooses to use the terms “loosey-goosey” and acting “on a whim” to describe what it perceives to be this Court’s variance from the rule expressed in Moore and McKinney. Even if the dissent’s ironclad approach to overruling precedent was the law, I see no warrant for the dissent to invoke the quoted verbiage in an effort to make its point. In point of fact, however, our precedents—as they relate to overruling precedents—do not reflect a rule quite so “ironclad” as the dissent suggests.
To begin, it is worth noting that there is no such rule expressed in the Alabama *541 Rules of Appellate Procedure. And in fact, this Court recently overruled a case even while specifically noting that it had not been asked to do so. See Travelers Indem. Co. of Connecticut v. Miller, 86 So.3d 338, 347 (Ala.2011).
The authorities the dissent cites for its “rule” are not as black and white as the dissent claims. In Moore, the Court stated: “Stare decisis commands, at a minimum, a degree of respect from this Court that makes it disinclined to overrule controlling precedent when it is not invited to do so.” 849 So.2d at 926 (emphasis added). Moore simply made the point that we do not as a regular practice overrule cases when not invited to do so, but it did not say that we never do so. Furthermore, it does not explain what being “invited to do so” actually entails.
Ex parte McKinney expresses the same idea, but is even less definitive as to what an invitation entails. The Court in McKinney noted that there exists “a disinclination to overrule existing caselaw in the absence of either a specific request to do so or an adequate argument asking that we do so.” 87 So.3d at 509 n. 7 (emphasis added). We have expressed the idea similarly before. See Ex parte Carlisle, 26 So.3d 1202, 1207 (Ala.2009) (commenting on “[t]he principle of stare decisis and this Court’s reluctance to consider abandoning precedent in the absence of an adequate argument to us that we should do so” (emphasis added)). Thus, under McKinney, overcoming our “disinclination” is not solely dependent upon a “specific request” for overruling precedent, but also includes evaluating whether the party made an “adequate argument” that “invites” us to overrule the precedent at issue. In fact, in nearly every case in which this Court has expressed its preference for not overruling precedent when it has not been specifically asked to do so, the Court has noted that the party that the overruling would have favored made no argument at all in contradiction of the precedent at issue. See, e.g., American Bankers Ins. Co. of Florida v. Tellis, 192 So.3d 386, 392 n. 3 (Ala.2015); Fort Morgan Civic Ass’n, Inc. v. City of Gulf Shores, 100 So.3d 1042, 1047 n. 7 (Ala.2012); Clay Kilgore Constr. Co. v. Buchalter/Grant, L.L.C., 949 So.2d 893, 898 (Ala.2006) (also cited in the dissent); Ex parte Alabama Dep’t of Human Res., 999 So.2d 891, 896 (Ala.2008); and Moore, 849 So.2d at 925-26.
Such clearly is not the case here. M.C. argues that the Alabama Medical Liability Act, § 6-5-480 et seq. and § 6-5-540 et seq., Ala.Code 1975 (“the AMLA”), applies only to actions that involve medical malpractice, or “medical injury,” and that sexual assault “bears no relation to medical services.” Her argument directly contradicts the holding in Mock, and .the parties to this case expressly argue over the applicability of the AMLA to this case. Yet, according to the dissent, this Court is forbidden from examining the correctness of the rule enunciated in Mock solely because M.C. did not specifically state that Mock should be overruled. The cases cited above illustrate that we are under no such prohibition. In fact,
“while we accord ‘due regard to the principle of stare decisis,’ it is also this Court’s duty ‘to overrule prior decisions when we are convinced beyond ... doubt that such decisions were wrong when decided or that time has [effected] such change as to require a change in the law.’ Beasley v. Bozeman, 294 Ala. 288, 291, 315 So.2d 570, 572 (1975) (Jones, J., concurring specially).”
Ex parte State Farm Fire & Cas. Co., 764 So.2d 543, 545-46 (Ala.2000). In other words, our duty, first and foremost, is to the correctness of law. That is not something the parties ultimately dictate to us.
*542 “ ‘ “Appellate review does not consist of supine submission to erroneous legal concepts .... Our duty is to enunciate the law on the record facts. Neither the parties nor the trial judge, by agreement or by passivity, can force us to abdicate our appellate responsibility.” ’ ”
Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 960 (Ala.2004) (quoting Forshey v. Principi, 284 F.3d 1335, 1357 n. 20 (Fed.Cir.2002), quoting in turn Empire Life Ins. Co. of America v. Valdak Corp., 468 F.2d 330, 334 (5th Cir. 1972)).
The dissent pejoratively describes the change in the law we make today as “a more comfortable result” for us. It is indeed “more comfortable.” And it is more comfortable for good reason. Any just law is designed to produce’ fair and just results. When the law is followed, therefore, it should not be surprising that a “comfortable result” is achieved.
And here the result achieved is in fact one dictated by the law in question (the AMLA), which is what we are sworn to uphold. As this Court has observed:
“‘The doctrine of stare decisis tends to produce certainty in our law, but it is important to realize that certainty per se is but a means to an end, and not an end in itself .... When it appears that the evil resulting from a continuation of the accepted rule must be productive of greater mischief to the community than can possibly ensue from disregarding the previous adjudications on the subject, courts have frequently and wisely departed from precedent, 14 Am.Jur., Courts, § 126.’”
Ex parte State Farm Fire & Cas. Co., 764 So.2d at 545 n. 3 (quoting Fox v. Snow, 6 N.J. 12, 25, 76 A.2d 877, 883-84 (1950) (Vanderbilt, C.J., dissenting)).